NO. 07-03-0399-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 3, 2004



______________________________




ALICE RENE RUPPANNER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13715-0004; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Alice Rene Ruppanner brings this appeal from the revocation of her
community supervision. We affirm the revocation. Appellant was charged in an April 18,
2000 indictment with 31 counts of theft occurring between August and September 1999. 
She was convicted on September 8, 2000, by the 242nd District Court on her plea of guilty
to each count pursuant to a plea agreement. Punishment was assessed in conformity with
the plea agreement at two years confinement in a state jail facility, restitution of $5,392.46,
and court costs. Also in compliance with the plea agreement, imposition of the sentence
was suspended for a period of five years, conditioned on appellant's compliance with the
terms of her community supervision. The trial court rendered a judgment nunc pro tunc on
August 21, 2001. (1) In September 2001, the trial court rendered an agreed order adding one
year to the term of appellant's community supervision.

 The State filed a motion to revoke appellant's community supervision on July 24,
2003, alleging four violations of her community supervision including commission of
subsequent offenses, failure to report as required, failure to pay restitution and fees, and
failure to complete community service. 

 At an August 19, 2003 hearing appellant plead true to the State's allegations and
entered a stipulation of evidence in support. Appellant advised the court her plea was
voluntary and she understood the nature of the proceeding and the consequences of her
plea. Her counsel also informed the court he felt she was competent to proceed with the
hearing. 

 Appellant was the only witness at the revocation hearing. She authenticated the
stipulation of evidence and testified she had been living in Wyoming where she was
charged with two counts of theft and one of forgery. She pled guilty to those offenses,
receiving 90 days confinement for the theft offenses and three years probation for the
forgery conviction. Appellant reported these convictions to her probation officer as
required. 

 At the conclusion of the hearing the court found appellant had violated the conditions
of her community supervision and revoked it. It ordered her to serve the original sentence
imposed on her conviction. She filed a timely notice of appeal and the trial court appointed
counsel on appeal. 

 Appellant's counsel has filed a brief stating that he has carefully reviewed the record
in this case and concludes there is no reversible error and that the appeal is frivolous. See
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). The brief
discusses the factual and procedural history of the case and evidence presented. In
conformity with counsel's obligation to support the appeal to the best of his ability, Johnson
v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd), the brief discusses one
potential complaint on appeal and explains why it does not show reversible error. Counsel
also has filed a motion to withdraw and by letter informed appellant of her rights to review
the trial record and to file a pro se brief. Id. By letter dated November 13, 2003, this Court
also notified appellant of her opportunity to submit a response to the Anders brief and
motion to withdraw filed by her counsel, granting her until December 10, 2003, to do so.
This court's letter also reminded appellant to contact her counsel if she needed to review
any part of the appellate record to prepare a response. Appellant has not filed a brief or
other response. Nor has the State filed a brief in this appeal.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 The sole potential issue discussed in counsel's brief is the legal and factual
sufficiency of the evidence supporting the trial court's determination that appellant violated
the terms and conditions of her community supervision. Appellate review of a revocation
order is limited to determining whether the trial court abused its discretion. Cardona v.
State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645 S.W.2d 303, 305
(Tex.Crim.App. 1983). The trial court abuses its discretion in revoking community
supervision if the State fails to meet its burden of proof. Cardona, 665 S.W.2d at 494. 

 In a revocation proceeding, the State must prove by a preponderance of the
evidence that appellant violated a condition of community supervision as alleged in the
motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). The trial
judge in such a proceeding is the sole trier of fact. Taylor v. State, 604 S.W.2d 175, 179
(Tex.Crim.App. 1980). A defendant's plea of true to an alleged violation, standing alone,
is sufficient to support the revocation. Moses v. State, 590 S.W.2d 469, 470 (Tex.
Crim.App. 1979). 

 Appellant's pleas of true to each alleged violation of the conditions of her community
supervision and evidence presented at the hearing are sufficient to support the court's
judgment. (2) The record also supports the court's finding that appellant was competent at
the time of the hearing to make the plea and it was made voluntarily. 

 Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. (3) See Stafford,
813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court
did not abuse its discretion in revoking appellant's community supervision. We grant
counsel's motion to withdraw and affirm the judgment of the trial court.


 James T. Campbell

 Justice



Do not publish. 

1. The judgment nunc pro tunc recited the court had taken into account unadjudicated
offenses in other counties. By virtue of Section 12.45(c) of the Penal Code, this barred
appellant's prosecution for those offenses. Tex.Pen.Code Ann. (Vernon 2003).
2. Counsel's brief concludes the evidence is not factually insufficient under the
standard adopted in Clewis v. State, 922 S.W.2d 126 (Tex.Crim.App. 1996). However the
analysis in Clewis is inapplicable to probation revocation proceedings. See Cochran v.
State, 78 S.W.3d 20, 27 (Tex.App.-Tyler 2002, no pet).
3. Our review is limited, though, to any issues related to revocation of appellant's
community supervision. Tex. Code Crim. Proc. art. 42.12 § 23(b); see Manuel v. State, 994
S.W.2d 658, 661-62 (Tex.Crim.App. 1999).