charlie joe tinker long



 NO. 12-01-00107-CR





IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CARY MOORE COCHRAN,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

 Appellant Cary Moore Cochran appeals the trial court's order revoking his probation. The
trial court assessed punishment at imprisonment for ten years. Appellant raises five issues on appeal. 
We affirm.


Background


 Appellant was charged with intoxication assault, (1) pleaded no contest to the offense, and went
to the jury for punishment. The jury deadlocked on punishment. Thereafter, on July 2, 1997, the
court accepted a plea agreement and sentenced Appellant to ten years in prison, probated for ten
years, and a fine of $2,500.00. On January 16, 2001, the State filed an Application for Revocation
of Probation, alleging five (2) violations: (1) that Appellant failed to perform community service; (2)
that Appellant altered or tampered with the court-ordered Ignition Interlock system on Appellant's
car; (3) that Appellant failed to provide the car for scheduled Ignition Interlock system monitoring; 
and (4) that Appellant consumed alcohol.

 After hearing the State's and Appellant's witnesses, the court revoked Appellant's probation,
and sentenced him to ten years in prison. Appellant filed both his Motion for New Trial and his
Notice of Appeal on March 15, 2001. This appeal followed.


Effective Assistance of Counsel

 Appellant contends he was denied effective assistance of counsel (3) at his revocation hearing.
Trial counsel's deficiencies, according to Appellant, were that he failed to file any pre-trial discovery
motions; that he did not request a continuance when his subpoenaed witness failed to attend the
revocation hearing and bring subpoenaed documents; and that he failed to demand a separate hearing
on punishment. 

 As Appellant concedes, our inquiry begins with the seminal case of Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), wherein the Supreme Court
enunciated a two-prong test of whether counsel's assistance was so inadequate as to deprive the
defendant of his Sixth Amendment right to counsel, and thereby require a reversal: (1) the defendant
must show that counsel's performance was deficient; and (2) that the deficient representation
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. The Supreme Court has
noted that:


 Whenever we are asked to consider a charge that counsel has failed to discharge his professional
responsibilities, we start with a presumption that he was conscious of his duties to his clients and that
he sought conscientiously to discharge those duties. The burden of demonstrating the contrary is on
his former clients. 



United States v. Cronic, 466 U.S. 648, 658, n.23, 104 S. Ct. 2039, 2046, n.23, 80 L. Ed. 2d 657
(1984). "[J]udicial scrutiny of counsel's performance must be highly deferential" and the appellate
court "must indulge a strong presumption that counsel's conduct falls within the wide range of
reasonable professional assistance; that is, the defendant must overcome the presumption that, under
the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466
U.S. at 689, 104 S. Ct. at 2065 (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S. Ct. 158, 164,
100 L. Ed. 83 (1955)); see also Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
Further, a "professionally unreasonable" error by trial counsel does not require a reversal if the error
had no effect on the judgment. Strickland, 466 U.S. at 691, 104 S. Ct. at 2066. Recognizing that
"representation is an art," and that the impact of an action is dependent on the total trial, the Court
has held that:


 Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant
must show that they actually had an adverse effect on the defense. It is not enough for the defendant
to show that the errors had some conceivable effect on the outcome of the proceeding. . . . The
defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors,
the result of the proceeding would have been different. A reasonable probability is a probability
sufficient to undermine confidence in the outcome . . . . When a defendant challenges a conviction,
the question is whether there is a reasonable probability that, absent the errors, the factfinder [sic]
would have had a reasonable doubt respecting guilt.



Strickland, 466 U.S. at 693-95, 104 S. Ct. at 2067-68; see also McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996).

 Presiding Judge Onion wrote in Mercado v. State, 615 S.W.2d 225 (Tex. Crim. App. 1981):


 The adequacy of an attorney's service must be gauged by the totality of the representation.
Ex Parte Prior, 540 S.W.2d 723, 726 (Tex. Crim. App. 1976); Williams v. State, 513 S.W.2d 54
(Tex. Crim. App. 1974); Satillan v. State, 470 S.W.2d 677 (Tex. Crim. App. 1971). The allegations
of ineffective representation will be sustained only if they are firmly founded. Faz v. State, 510
S.W.2d 922 (Tex. Crim. App. 1974); Long v. State, 502 S.W.2d 139 (Tex. Crim. App. 1973).

 

 The constitutional right to counsel, whether counsel is appointed or retained, does not mean
errorless counsel or whose competency or adequacy of his representation is to be judged by hindsight. 
Ex parte Prior, supra; Byrd v. State, 421 S.W.2d 915 (Tex. Crim. App. 1967); Duran v. State, 505
S.W.2d 863 (Tex. Crim. App. 1974); Pete v. State, 501 S.W.2d 683 (Tex. Crim. App. 1973).



Mercado, 615 S.W.2d at 228.

 We begin by considering Appellant's allegation that counsel was ineffective because his
subpoenaed witness, an employee of Ignition Interlock Group, did not attend the revocation hearing. 
Although counsel's subpoenaed witness did not attend the hearing, his co-worker, who had been
subpoenaed by the State, did attend and testify. That witness had met with Appellant regarding the
same issues before the court and testified that Appellant had admitted tampering with the device on
his car. The witness also brought the records which Appellant had subpoenaed. Appellant does not
suggest how the absence of the subpoenaed witness harmed his defense to the allegations in the
Application to Revoke Probation in light of Appellant's admission that he disconnected the ignition
interlock system the witness's company had installed on his vehicle. 

 Further, his trial attorney, in the exercise of reasonable trial strategy, could have reasonably
determined that the testimony of the technician who was personally familiar with Appellant's case,
and who brought the records he sought, would provide the testimony he wanted to present to the trial
court. It is disingenuous to suggest that trial counsel failed to provide effective assistance of counsel
when, in the reasonable exercise of his professional judgment, he could have perceived the testifying
witness to have been a more effective and qualified witness than the one subpoenaed. To suggest
a lawyer was constitutionally ineffective for using his professional judgment to determine
appropriate trial strategy, such as not demanding a continuance to await the arrival of an unnecessary
witness, would permit defendants to engage in "Monday morning quarter backing." Such is not the
standard as enunciated in Strickland. Further, Appellant has not demonstrated how, but for the
absence of the subpoenaed witness, there "was a reasonable probability the result of the trial would
have been different . . . ." Hernandez v. State, 726 S.W.2d 53, 58 (Tex. Crim. App. 1986).

 Appellant also contends his trial counsel was deficient for not demanding a separate hearing
on punishment. However, the trial court heard Appellant's mother's testimony during the revocation
hearing where, in addition to some comments that might be attributable to the allegations in the
Application for Revocation of Probation, she testified regarding Appellant's rehabilitation and
community activities. Such testimony was clearly punishment testimony. Further, Appellant has
not suggested the identity of any additional witness he would have called, or testimony or evidence
he would have developed in a separate punishment hearing.

 Finally, Appellant contends that trial counsel was ineffective for failing to file any pretrial
discovery. Again, he fails to allege what evidence he sought or he believed his trial attorney failed
to obtain. The exchanges between trial counsel and the State's witnesses indicate trial counsel had
previously spoken with the witnesses regarding the case. Further, Appellant fails to establish how,
but for the failure to file pretrial discovery, a different result would have been obtained.

 Appellant has not shown that trial counsel's performance was deficient. Further, considering
the totality of trial counsel's representation, Appellant has not met his burden, as enunciated in
Strickland, to show that, but for trial counsel's alleged deficiencies, a different result would have
been had at the revocation hearing. Therefore, Appellant has not shown he was deprived of effective
assistance of counsel. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Appellant's first issue
is overruled.


Motion for New Trial

 Appellant contends in his second issue that the trial court erred in failing to conduct an
evidentiary hearing on his motion for new trial. Appellant does not show, nor does the record
indicate, that he "presented" the motion for new trial to the court, as required by the rules. Tex. R.
App. P. 21.6; Martinez v. State, 846 S.W.2d 345, 346 (Tex. App.-Corpus Christi 1992, no pet.);
Enard v. State, 764 S.W.2d 574, 575 (Tex. App.-Houston [14th Dist.] 1989, no pet.). In Carranza
v. State, 960 S.W.2d 76, 78-79 (Tex. Crim. App. 1998), (4) the court of criminal appeals held that the
term "present" requires that the movant must "timely call the trial court's attention to a 'request,
objection or motion' in order to preserve a complaint for appellate review" which is consistent with
"a general policy that a trial court should not be reversed on appeal on a matter that was never
brought to the trial court's attention." Carranza, 960 S.W.2d at 78-79. Filing a motion for new trial,
without more, is not sufficient to bring the motion to the trial court's attention. Id. at 78; Reyes v.
State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). There is nothing in the record before this court
showing that Appellant presented the motion for new trial to the court for consideration. 

 We further note that the Request for Permission to Appeal, the Motion for New Trial, and
the Notice of Appeal were all filed on March 15, 2001. One can hardly expect a trial court to grant
a hearing on a motion for new trial the same day it is filed, in light of the filing of the notice of
appeal. The filing of a notice of appeal vests the court of appeals with jurisdiction and deprives the
trial court of jurisdiction. Lopez v. State, 18 S.W.3d 637, 639 (Tex. Crim. App. 2000). Therefore,
upon the filing of the notice of appeal, the trial court had no jurisdiction to conduct a hearing on the
motion for new trial. As Appellant chose to deprive the trial court of jurisdiction over the case on
the day he filed, but failed to present, the motion for new trial, he cannot now complain the trial court
abused its discretion by denying him an evidentiary hearing. Appellant's second issue is overruled.


Separate Punishment Hearing

 In his third issue, Appellant complains that the trial court failed to hold a separate hearing
on punishment after the trial court determined to grant the motion to revoke probation. The general
rule as established in Issa v. State, 826 S.W.2d 159 (Tex. Crim. App. 1992), is that a defendant is
entitled to an opportunity to develop such testimony. Id. at 161. However, Appellant has not
preserved this issue for our consideration. At trial, after both sides rested, the trial court began to
make its ruling on the motion. Appellant interjected that the court was not giving him an opportunity
to make a closing argument. The court then allowed him to do so. Appellant did not object to the
trial court's failure to have a separate hearing to develop additional evidence regarding punishment. 
Appellant's complaint on appeal is not consistent with his objection at trial, and, therefore, the issue
is waived. Tex. R. App. P. 33.1; Bouchillon v. State, 540 S.W.2d 319, 322 (Tex. Crim. App. 1976);
Doyle v. State, 24 S.W.3d 598, 602 (Tex. App.-Corpus Christi 2000, pet. ref'd). Further, the
complaint regarding the trial court's failure to hold a separate punishment hearing was not raised
in the motion for new trial. Baxter v. State, 936 S.W.2d 469, 471 (Tex. App.-Fort Worth 1996), pet.
dism'd, improvidently granted, 960 S.W.2d 82 (Tex. Crim. App. 1998). Therefore, Appellant has
waived the error, if any.

 Moreover, the trial court afforded both the State and Appellant the opportunity to develop
whatever testimony they thought relevant to the entire revocation hearing during the initial hearing. 
Although there was not a separate hearing to develop punishment evidence, Appellant developed
such evidence from his mother's testimony regarding Appellant's behavior, rehabilitation,
relationship with his ex-wife and children, work history and other topics one generally develops in
a punishment hearing during the initial hearing. Appellant's third issue is overruled.


Denial of Due Process

 In his fourth issue, Appellant contends he was denied due process under the Fifth and
Fourteenth Amendments to the United States Constitution, and article one, section nineteen of the
Texas Constitution because he was not ordered to attend an educational program designed to
rehabilitate persons who have driven while intoxicated. From the transcription of the revocation
hearing, it is evident the trial judge believed he had ordered the education requirement to be included
in the probation order, but the requirement had been omitted due to error. Appellant did not object
to the omission until the revocation motion was filed.

 Appellant cannot complain about a condition of probation for the first time on appeal. The
court of criminal appeals in Speth v. State, 6 S.W.3d 530 (Tex. Crim. App. 1999), cert. denied, 529
U.S. 1088 (2000), wrote:


 An award of community supervision is not a right, but a contractual privilege, and conditions thereof
are terms of the contract entered into between the trial court and the defendant. Therefore, conditions
not objected to are affirmatively accepted as terms of the contract. Thus, by entering into the
contractual relationship without objection, a defendant affirmatively waives any rights encroached
upon by the terms of the contract. A defendant who benefits from the contractual privilege of
probation, the granting of which does not involve a systemic right or prohibition, must complain at
trial to conditions he finds objectionable.



Speth, 6 S.W.3d at 534. As Appellant did not, at the time he was placed on probation, complain of
the omission of the alcohol evaluation and education requirement, he cannot now complain that he
was harmed or denied due process by its omission.

 Further, although the code of criminal procedure requires the court to order an alcohol
evaluation and educational course, the same provision also permits the judge to waive the
educational program requirement. See Tex. Code Crim. Proc. Ann. art. 42.12, § 13(h) (Vernon
Supp. 2002). As the requirement can be waived by the trial court, on these facts we hold that
Appellant cannot now complain of a deprivation of due process for not being required to do an act
which he could have done on his own but chose not to. Having found it to his benefit to not attend
any alcohol rehabilitation program, he will not be permitted to use his non-attendance to his benefit
when it suits his purpose. Having not complained of the omission when the order was entered, he
cannot now complain of its absence. Speth, 6 S.W.3d at 534. Appellant's fourth issue is overruled.


Sufficiency of the Evidence

 In his fifth issue, Appellant contends there was insufficient evidence on which to revoke his
probation. Appellant raises both factual and legal insufficiency together in a single multifarious
issue. 

 The State's Application for Revocation of Probation contained five allegations: (1) failure
to complete community service hours at the rate of twenty hours per month for every month from
August 1997 to October 2000, except for February 2000 which was not alleged; (2) that five times
in 1999 Appellant altered or tampered with the court-ordered Ignition Interlock system on his
vehicle; (3) that Appellant failed to show for scheduled monitoring of the Ignition Interlock system
on his vehicle on September 21 and December 10, 1999, and August 1, 2000; (4) that Appellant
altered or tampered with the Ignition Interlock device on his vehicle on August 1, 2000; (5) and that
he consumed alcohol on February 18, March 19, and April 18, 2000. At the end of the hearing, the
State conceded there was insufficient evidence to proceed on the fifth allegation, and it was not
considered. 

 Appellant misperceives the standard of review applicable to a revocation of probation. 
Appellant suggests the court of criminal appeals case of Clewis v. State, 922 S.W.2d 126 (Tex. Crim.
App. 1996), requires a reviewing court to evaluate the legal and the factual sufficiency of evidence
adduced in a probation revocation. However, numerous courts have held that, due to the unique
factors involved in a revocation case, including the trial court's role as the sole trier of facts, a Clewis
analysis is not the standard of review; rather, the traditional abuse of discretion standard is applied. 
Becker v. State, 33 S.W.3d 64, 66 (Tex. App.-El Paso 2000, no pet.).

 At the probation revocation hearing, the State has the burden of establishing the alleged
violations by a preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993). The trial court is the sole trier of facts, judge of the credibility of witnesses, and what
weight to be given to the testimony. A reviewing court examines the record in the light most
favorable to the trial court's ruling. Jackson v. State, 645 S.W.2d 303, 304 (Tex. Crim. App. 1983).
Proof of a violation of a single condition of probation is sufficient to support a trial court's decision
to revoke. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). If there is some evidence
to support the trial court's finding of a single violation, the revocation order will be upheld. Becker,
33 S.W.3d at 66-67.

 At the hearing on the motion to revoke, Appellant's probation officer testified that Appellant
failed to perform his court-ordered community service hours as ordered. The technician that
monitored Appellant's ignition interlock system testified that the ignition interlock system had been
disconnected several times, and that Appellant admitted he had disconnected the system. The
technician also testified that Appellant failed to bring his vehicle in for the scheduled monitoring as
alleged in the Application for Revocation of Probation. The State established Appellant's violation
of four of the five allegations in the motion by a preponderance of the evidence. See Cobb, 851
S.W.2d at 873. The trial court did not abuse its discretion in revoking Appellant's probation. 
Appellant's fifth issue is overruled.

 Having found no reversible error, we affirm the trial court's order revoking Appellant's
probation.


 SAM GRIFFITH 

 Justice



Opinion delivered March 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


















(PUBLISH)
1. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3589, 3700 (amended 1999)
(current version at Tex. Pen. Code Ann. § 49.07 (Vernon Supp. 2002)). 
2. Paragraphs two and four both allege Appellant altered or tampered with the Ignition Interlock system,
though on different dates.
3. The Sixth Amendment to the United States Constitution states: "In all criminal prosecutions, the accused
shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall
have been committed, which district shall have been previously ascertained by law, and to be informed of the nature
and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for
obtaining witnesses in his favor and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.
4. The Carranza court was discussing former Texas Rule of Appellate Procedure 31(c)(1), the precursor of
the present Texas Rule of Appellate Procedure 21.6.