In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00128-CR


______________________________




MICHAEL WAYNE FRENZEL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 20660




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 On March 2, 2005, Michael Wayne Frenzel pled guilty to the offense of unauthorized use of
a motor vehicle. See Tex. Penal Code Ann. § 31.07 (Vernon 2003). The trial court assessed
Frenzel's punishment at two years' imprisonment in a state-jail facility and a $500.00 fine, but the
trial court suspended the imprisonment portion of the sentence for a period of five years and released
Frenzel to community supervision. Included among the conditions of community supervision were
requirements that Frenzel report monthly to a supervision officer, pay certain fees each month,
complete 400 hours of community service, and abstain from the use of controlled substances or
drugs. 

 Thirteen months later, the State filed a motion to revoke Frenzel's community supervision. 
At the hearing on the State's motion, Frenzel pled "True" to the State's allegations that he failed to
report to his community supervision officer in February, March, and April 2006. Frenzel also
admitted the truth of the State's allegations that he had failed to complete his 400 hours of
community service, had failed to pay the assessed fees associated with his community supervision,
and had used marihuana during the period of his community supervision. The trial court ultimately
revoked Frenzel's community supervision and imposed the original two-year sentence, giving him
sixty-four days' credit against his sentence. 

 Frenzel timely appealed to this Court, but his appellate counsel, after a thoughtful and
thorough review of the record, has concluded there are no meritorious arguments to be advanced on
Frenzel's behalf. Thus, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738
(1967), and requested permission from this Court to withdraw as counsel. Frenzel was given until
November 22, 2006, to file a pro se response to counsel's Anders brief. As of the date of this
opinion, no pro se response has been received.

 We have independently reviewed the record and concur with the assessment of Frenzel's
appellate counsel. The proof that a defendant violated even a single condition of community
supervision is generally sufficient to support a trial court's decision to revoke. Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Cochran v. State, 78 S.W.3d 20, 28 (Tex.
App.--Tyler 2002, no pet.). Frenzel's plea of "True" to having violated the various conditions of his
community supervision (as alleged by the State) provided sufficient evidence to support the trial
court's decision to revoke community supervision. The two years' imprisonment assessed by the trial
court is within the range provided for unauthorized use of a motor vehicle. See Tex. Penal Code
Ann. § 12.35(a) (Vernon 2003). 

 Our review of the record has revealed no reversible error in the proceedings below. 
Accordingly, we affirm the trial court's judgment.


 Jack Carter

 Justice


Date Submitted: January 24, 2007

Date Decided: January 25, 2007


Do Not Publish