In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00201-CR


______________________________




SHANE HANKINS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0417804




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Shane Hankins appeals the trial court's order adjudicating his guilt and its sentencing of him
to two years' confinement in a state-jail facility. We overrule Hankins's points of error and affirm
the trial court's judgment. 

 Hankins was placed on community supervision on February 24, 2006, in two cases. In trial
court cause number 0417804 (the instant case, our cause number 06-07-00201-CR), the trial court
deferred a finding of guilt, but placed Hankins on community supervision for the offense of
possession of a penalty group 1 controlled substance, in an amount of at least one gram but less than
four grams. See Tex. Health & Safety Code Ann. § 481.115(c) (Vernon 2003). In trial court
cause number 0417805, (1) the trial court placed Hankins on community supervision for the state-jail
felony of possession of marihuana in an amount of five pounds or less but more than four ounces. 
See Tex. Health & Safety Code Ann. § 481.121(b)(3) (Vernon 2003). After an evidentiary
hearing, the trial court made a general finding that "it is true . . . [Hankins] . . . violated [his]
probation." (2) The trial court then adjudicated Hankins guilty in cause number 0417804 and sentenced
him to two years' confinement in a state-jail facility. In cause number 0417805, the trial court
modified the terms of community supervision, requiring that Hankins attend and complete a
Substance Abuse Felony Program (SAFP) after he completed his state-jail sentence and, thereafter,
remain on community supervision status for ten years. 

 Hankins raises several points of error, each of which complains there is factually insufficient
evidence to support the trial court's findings and judgment. Hankins asserts there was factually
insufficient evidence to support the trial court's findings that Hankins violated the terms of his
community supervision by 1) acquiring a new criminal charge; 2) using heroin; 3) not reporting or
performing his community service obligations; and 4) not paying his fees, fines, and other financial
obligations. 

 We review the trial court's decision regarding community supervision revocation for an abuse
of discretion and examine the evidence in a light most favorable to the trial court's order. Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); Pierce v. State, 113 S.W.3d 431,
436 (Tex. App.--Texarkana 2003, pet. ref'd). To revoke community supervision, the State must
prove every element of at least one ground for revocation by a preponderance of the evidence. Tex.
Code Crim. Proc. Ann. art. 42.12, § 21 (Vernon Supp. 2008); Moore v. State, 11 S.W.3d 495, 498
(Tex. App.--Houston [14th Dist.] 2000, no pet.). The trial court holds very broad discretion over
community supervision, its revocation, and its modification. See Tex. Code Crim. Proc. Ann. art.
42.12, § 21. Considering the unique nature of the revocation hearing and the trial court's broad
discretion in the proceedings, the general standards for reviewing factual sufficiency do not apply. 
See Cochran v. State, 78 S.W.3d 20, 27 (Tex. App.--Tyler 2002, no pet.); Becker v. State, 33
S.W.3d 64, 66 (Tex. App.--El Paso 2000, no pet.). If the greater weight of credible evidence creates
a reasonable belief a defendant has violated a condition of his or her community supervision, the trial
court's order of revocation did not abuse its discretion and must be upheld. Scamardo v. State, 517
S.W.2d 293, 298 (Tex. Crim. App. 1974).

 We begin by pointing out that at the hearing in the trial court, Hankins made three
admissions, any one of which would have been sufficient to justify the revocation which was
ordered. 

 (1) Hankins admitted that he had not reported to his community supervision officer for
several months. This reporting was a condition of his community supervision. 

 (2) He admitted to knowing there was marihuana in his truck the night of his arrest, though
he said the marihuana belonged to his girlfriend. Accordingly, he was knowingly present where
criminal activity (possession of marihuana) was conducted. 

 (3) He argued at the hearing that the statement at trial that he had admitted using heroin three
hours prior to a confrontation with police was incorrect; he maintained that he had used five days
before the confrontation. Both the three-hour period and the five-day period were within the time
after Hankins had been placed on community supervision. Use of the drug within either period could
justify the revocation. 

 A trial court's finding the defendant has violated even one term of his community supervision
is sufficient to support an order of revocation. See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim.
App. [Panel Op.] 1980). Accordingly, these three admissions alone were sufficient to provide the
grounds for the revocation of the community supervision previously given; Hankins tangled himself
up with his own tongue.

 Although there was evidence provided at the time of the hearing that he had committed
aggravated assault on a public servant, had possessed marihuana and other controlled substances in
a drug-free zone, and had failed to pay his fees and charges (although claiming poverty prevented
the payment) those offenses simply compound the already-sufficient grounds for a finding of "true"
that Hankins had violated the terms of his community supervision. Therefore, since these would be
simple redundancies, unnecessary to the trial court's determination, we will not engage in a
reiteration of the facts surrounding them. 

 We overrule Hankins's points of error and affirm the trial court's judgment. 



 Bailey C. Moseley

 Justice


Date Submitted: August 27, 2008

Date Decided: September 5, 2008


Do Not Publish

1. Please see our opinion in cause number 06-07-00202-CR. 
2. The judgments also do not indicate specific violations; the judgments state, respectively,
"While on community supervision, Defendant violated the terms and conditions of community
supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: _____ . . . ."
in cause number 06-07-00201-CR. And "The Court FINDS Defendant has violated the conditions
of community supervision as set out in the State's ORIGINAL Motion to Revoke Community
Supervision as follows: ________ . . . ." in cause number 06-07-00202-CR.