# NO. 12-10-00051-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JACKIE LYNN HEWITT, SR.,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jackie Hewitt, Sr., appeals from his convictions for two counts of aggravated sexual assault. In three issues, Appellant argues that the trial court erred in finding him in violation of the terms of his community supervision. We affirm.

## BACKGROUND

Appellant pleaded guilty to aggravated sexual assault in December 2001. Following his plea, the trial court deferred adjudication of Appellant's guilt and placed him on deferred adjudication community supervision for a period of ten years.[1] In November 2009, the State filed a motion to adjudicate Appellant's guilt, asserting that he had violated the terms of his community supervision. The State filed an amended motion in December 2009. In the amended motion, the State alleged that Appellant failed to make monthly supervision payments for several months, failed to make other court ordered payments, failed to attend sex offender counseling, had direct contact with a child seventeen years of age or younger, was within 1,000 feet of the victims in this case, and possessed pornographic material.

Appellant pleaded not true to the allegations at a hearing held in February 2010. Following that hearing, the trial court found that he had direct contact with a child, that he went within 1,000 feet of the victim, and that he possessed pornographic material. The trial court found that Appellant failed to attend sex offender counseling sessions for

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009).

two months, but the judge acknowledged Appellant had automobile trouble and stated that he would not be "taking [the missing of sessions] into any calculation of any outcome other than he didn't go." The court found Appellant guilty and assessed punishment at imprisonment for fifty years. This appeal followed.

REVOCATION OF COMMUNITY SUPERVISION

In three issues, Appellant contends that the trial court erred in finding that he violated the terms of his community supervision.

**Standard of Review and Applicable Law**

Generally, we review a trial court's decision to revoke community supervision for an abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a community supervision revocation proceeding, the state has the burden of proving a violation of the terms of community supervision by a preponderance of the evidence. *See Rickels*, 202 S.W.3d at 763-64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The state satisfies this standard when the greater weight of the credible evidence before the court, viewed in a light most favorable to the ruling, creates a reasonable belief that a condition of community supervision has been violated as alleged. *See Rickels*, 202 S.W.3d at 764; *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983).

In cases where the trial court revokes a defendant's community supervision based on findings that a defendant violated more than one condition of probation, the revocation does not constitute an abuse of discretion where any single finding of a violation is held to be valid. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address [the] appellant's other contentions since one sufficient ground for revocation will support the [trial] court's order to revoke probation."); *Balli v. State*, 530 S.W.2d 123, 126 (Tex. Crim. App. 1975) ("There being a valid ground to justify revocation, we need not consider [the] appellant's other contention that the evidence showed only a single use of alcohol and did not reflect an injurious or vicious habit in violation of probation."); *Cochran v. State*, 78 S.W.3d 20, 28 (Tex. App.–Tyler 2002, no pet.).

**Analysis**

Appellant argues that his community supervision rules did not prohibit him from possessing the magazines and a video found in the home, that the evidence was insufficient to show that he possessed those items, and that the search that uncovered those items was illegal. We need not address those issues because there is ample

evidence to support the trial court's conclusion that Appellant violated other terms of his community supervision agreement. Specifically, the evidence showed that Appellant had contact with a minor child, that he was within 1,000 feet of the victims of this offense, and that he did not attend court ordered counseling.

Appellant argues that the evidence is factually insufficient to support the trial court's finding those three allegations to be true. This is not the appropriate measure. The State proved these allegations by a preponderance of the evidence, as required. *See Rickels*, 202 S.W.3d at 763-64; *Cochran,* 78 S.W.3d at 27-8. In fact, Appellant did not dispute that he had missed counseling sessions or that he came within 1,000 feet of the victims. He did argue that missing the counseling sessions was beyond his control and that he was within 1,000 feet of the victims, who are his grandchildren, when they unexpectedly attended Appellant's mother's funeral.

A single violation of a term of community supervision is sufficient to support a court's order revoking a suspended sentence. *See Moore*, 605 S.W.2d at 926. Without considering the evidence that Appellant argues should not have been admitted, each of the three independent violations of Appellant's community supervision is sufficient to support the trial court's ruling. Therefore, we hold that the trial court did not abuse its discretion when it found that Appellant had violated the terms of his community supervision. We overrule Appellant's three issues.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered August 25, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)