NO









NO. 12-10-00051-CR

                                                                                        

                         IN
THE COURT OF APPEALS

                                                                                        

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

JACKIE LYNN HEWITT, SR.,

APPELLANT                                                     '     APPEAL
FROM THE 217TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     ANGELINA
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

Jackie
Hewitt, Sr., appeals from his convictions for two counts of aggravated sexual
assault.  In three issues, Appellant argues that the trial court erred in
finding him in violation of the terms of his community supervision.  We affirm.

 

Background

Appellant
pleaded guilty to aggravated sexual assault in December 2001.  Following his
plea, the trial court deferred adjudication of Appellant’s guilt and placed him
on deferred adjudication community supervision for a period of ten years.[1] 
In November 2009, the State filed a motion to adjudicate Appellant’s guilt,
asserting that he had violated the terms of his community supervision.  The
State filed an amended motion in December 2009.  In the amended motion, the
State alleged that Appellant failed to make monthly supervision payments for
several months, failed to make other court ordered payments, failed to attend
sex offender counseling, had direct contact with a child seventeen years of age
or younger, was within 1,000 feet of the victims in this case, and possessed
pornographic material.  

Appellant
pleaded not true to the allegations at a hearing held in February 2010. 
Following that hearing, the trial court found that he had direct contact with a
child, that he went within 1,000 feet of the victim, and that he possessed
pornographic material.  The trial court found that Appellant failed to attend
sex offender counseling sessions for two months, but the judge acknowledged
Appellant had automobile trouble and stated that he would not be “taking [the
missing of sessions] into any calculation of any outcome other than he didn’t
go.”  The court found Appellant guilty and assessed punishment at imprisonment
for fifty years.  This appeal followed. 

 

Revocation of Community Supervision

In
three issues, Appellant contends that the trial court erred in finding that he
violated the terms of his community supervision.   

Standard
of Review and Applicable Law

Generally,
we review a trial court’s decision to revoke community supervision for an abuse
of discretion.  See Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984).  In a community supervision revocation proceeding, the state
has the burden of proving a violation of the terms of community supervision by
a preponderance of the evidence.  See Rickels, 202 S.W.3d
at 763-64; Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993).  The state satisfies this standard when the greater weight of the
credible evidence before the court, viewed in a light most favorable to the
ruling, creates a reasonable belief that a condition of community supervision
has been violated as alleged.  See Rickels, 202 S.W.3d at
764; Jenkins v. State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983).

In
cases where the trial court revokes a defendant’s community supervision based
on findings that a defendant violated more than one condition of probation, the
revocation does not constitute an abuse of discretion where any single finding
of a violation is held to be valid.  See Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (“We need not address [the]
appellant’s other contentions since one sufficient ground for revocation will
support the [trial] court's order to revoke probation.”); Balli v. State,
530 S.W.2d 123, 126 (Tex. Crim. App. 1975) (“There being a valid ground to
justify revocation, we need not consider [the] appellant’s other contention
that the evidence showed only a single use of alcohol and did not reflect an
injurious or vicious habit in violation of probation.”); Cochran v. State,
78 S.W.3d 20, 28 (Tex. App.–Tyler 2002, no pet.).

Analysis

            Appellant
argues that his community supervision rules did not prohibit him from
possessing the magazines and a video found in the home, that the evidence was insufficient
to show that he possessed those items, and that the search that uncovered those
items was illegal.  We need not address those issues because there is ample
evidence to support the trial court’s conclusion that Appellant violated other
terms of his community supervision agreement.  Specifically, the evidence
showed that Appellant had contact with a minor child, that he was within 1,000
feet of the victims of this offense, and that he did not attend court ordered
counseling.  

            Appellant
argues that the evidence is factually insufficient to support the trial court’s
finding those three allegations to be true.  This is not the appropriate
measure.  The State proved these allegations by a preponderance of the
evidence, as required.  See Rickels, 202 S.W.3d at 763-64;
Cochran, 78 S.W.3d at 27-8.  In fact, Appellant did not dispute
that he had missed counseling sessions or that he came within 1,000 feet of the
victims.  He did argue that missing the counseling sessions was beyond his
control and that he was within 1,000 feet of the victims, who are his
grandchildren, when they unexpectedly attended Appellant’s mother’s funeral.  

            A
single violation of a term of community supervision is sufficient to support a
court’s order revoking a suspended sentence.  See Moore, 605
S.W.2d at 926.  Without considering the evidence that Appellant argues should
not have been admitted, each of the three independent violations of Appellant’s
community supervision is sufficient to support the trial court’s ruling. 
Therefore, we hold that the trial court did not abuse its discretion when it
found that Appellant had violated the terms of his community supervision.  We
overrule Appellant’s three issues.

Disposition

            Having
overruled Appellant’s three issues, we affirm the judgment of the
trial court.

 

                                                                                                    
SAM GRIFFITH    

                                                                                                             
Justice

Opinion delivered August 25, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH)









[1]
See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2009).