# NO. 12-13-00319-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DOUGLAS RAY RICHARDS,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Douglas Ray Richards appeals the revocation of his community supervision. In two issues, Appellant contends the trial court abused its discretion by revoking his community supervision, and by failing to conduct an informal competency inquiry. We affirm.

## BACKGROUND

Appellant was charged by indictment with retaliation, a third degree felony. The indictment also included a felony enhancement paragraph. Appellant entered a plea of "guilty" to the offense charged. Appellant and his counsel signed various documents in connection with his guilty plea, including a document entitled "Written Plea Admonishments-Waivers-Stipulations" in which Appellant swore that he committed each and every element of the offense alleged in the indictment. He also pleaded "true" to the felony enhancement paragraph. The trial court accepted Appellant's plea, adjudged him "guilty" of the offense, and assessed his punishment at eight years of imprisonment. However, the trial court ordered that imposition of Appellant's punishment be suspended, and that he be placed on community supervision for eight years and fined $1,000.

Later, the State filed a motion to revoke community supervision, alleging that Appellant had violated the terms of his community supervision. At the hearing on the motion, Appellant

pleaded "not true" to both violations alleged by the State. The trial court found it "true" that Appellant violated his community supervision, revoked his community supervision, and assessed his punishment at eight years of imprisonment. This appeal followed.

EVIDENTIARY SUFFICIENCY

In his first issue, Appellant contends that the trial court abused its discretion by revoking his community supervision.

**Applicable Law**

In community supervision revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006).

When the state has met its burden of proof and no procedural obstacle is raised, the decision whether to revoke community supervision is within the discretion of the trial court. *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex .Crim. App. 1979). Thus, our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). When a trial court finds several violations of community supervision conditions, we affirm the revocation order if the proof of any single allegation is sufficient. *See Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); *Cochran v. State*, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.). In other words, if there is some evidence to support the finding of even a single violation, the revocation order must be upheld. Cochran, 78 S.W.3d at 28 (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)).

**Analysis**

In the order imposing community supervision, Appellant was ordered to report monthly to the community supervision officer. In its motion to revoke, the State alleged that Appellant failed to report in person to the community supervision officer in March 2009. At trial, David Peterson, a community supervision officer, testified that he met Appellant on February 17, 2009, for his initial intake. He stated that he made an appointment with Appellant to personally appear

2

on March 19, 2009, but Appellant failed to report that day. This is some evidence that Appellant failed to report to his community supervision officer for the month of March 2009. Because the evidence supports the trial court's finding that Appellant violated the terms of his community supervision, the trial court did not abuse its discretion by revoking his community supervision. Accordingly, we overrule Appellant's first issue.

## COMPETENCY HEARING

In his second issue, Appellant contends that the trial court abused its discretion by revoking his community supervision because the trial court should have conducted an informal competency inquiry. More specifically, he argues, his competency was not restored in another case by the same trial court until after his revocation hearing, the trial court had constructive knowledge of this fact, and thus, the trial court abused its discretion by failing to conduct an informal competency inquiry.

### Applicable Law

If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion must suggest that the defendant may be incompetent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.004(b) (West Supp. 2013). If the court makes such a suggestion, it must determine by informal inquiry whether there is some evidence from any source to support a finding that the defendant may be incompetent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (West 2013). We review a trial court's implicit decision to not hold a sua sponte informal inquiry for an abuse of discretion. *Kostura v. State*, 292 S.W.3d 744, 746 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

A person is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003 (West 2006). A suggestion of incompetency is the threshold requirement for an informal inquiry under subsection (c), and the suggestion may consist solely of a representation from any credible source that the defendant may be incompetent. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c–1) (West Supp. 2013). A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the defendant's

competency.[1]  *Id.* Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003. *Id.*

## Analysis

In his brief, Appellant argues that the trial court was "aware of [his] history" and should have conducted an informal inquiry into his competency pursuant to Article 46B.004.  Appellant states that he had been "under various mental commitment orders since 2009" and was "under a commitment order" at the time of the revocation hearing.  He also recites his version of the facts in what he refers to as a "companion" case. According to Appellant, the "companion" case began in 2009, and in July 2009, he was found incompetent to stand trial and "committed" by the same trial court pursuant to the code of criminal procedure.  Appellant notes that the same trial court signed another order of commitment in March 2011.  He states that an order by the trial court in July 2013 restored his competency in the "companion" case.  Because of the foregoing facts, Appellant argues that the trial court had constructive, if not actual, knowledge of the events that occurred in the "companion" case regarding his competency.

At the revocation hearing, Appellant did not introduce into evidence the mental health records he alludes to in his brief or any documents from the "companion" case.  Therefore, Appellant's factual assertions and references to his competency that occurred in the "companion" case are outside the record. "An appellate court may not consider factual assertions that are outside the record." ***Whitehead v. State***, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).

Nonetheless, we must determine if there was "a suggestion of incompetency" during the revocation hearing that triggered the trial court's duty to conduct an informal competency inquiry under subsection (c).  *See* Tex. Code Crim. Proc. Ann. art. 46B.004(c–1).  A "suggestion of incompetency" may consist solely of a representation from any credible source that Appellant may be incompetent.  *Id.*  Appellant argues that the trial court was aware of his mental health "history" because of a docket sheet notation.  The docket sheet reflects that on July 24, 2009, the case was "continued for [a] competency evaluation in [the] companion case."  However, the docket sheet does not reflect the results of the competency evaluation.  From the

---

[1] A "bona fide doubt" was previously required to trigger an informal inquiry into competency. *See **Turner v. State***, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013).  Effective September 1, 2011, the legislature rejected the bona fide doubt standard for purposes of Article 46B.004. *See **id.***

clerk's record, it appears that no action occurred in this case after the State filed its motion to revoke Appellant's community supervision on April 21, 2009, until the revocation hearing on April 24, 2013.

At the hearing, the trial court asked Appellant if the allegations in the State's motion to revoke were "true" or "not true.' He replied that they were "not true." The record does not reflect any suggestion that Appellant did not understand the revocation proceedings or allegations against him. Appellant's community supervision officer testified on cross examination that he knew Appellant was arrested in April 2009 for an offense that was still pending. He was also aware that since April 2009, Appellant had been in custody, either in the county jail or in a mental health facility. However, he did not provide any further details. And Appellant's attorney's questions regarding Appellant's whereabouts during the last several years seemed to be related to his inability to report to the community supervision officer rather than to his competency. Further, Appellant's counsel did not express any doubts about Appellant's present ability to consult with him with a reasonable degree of rationality.

Based on this record, there is no "suggestion of incompetency" that required the trial court to initiate an informal competency inquiry. Therefore, the trial court did not abuse its discretion by failing to conduct an informal inquiry regarding Appellant's competency to stand trial. Accordingly, we overrule Appellant's second issue.

<u>**DISPOSITION**</u>

Having overruled Appellant's two issues, we ***affirm*** the judgment of the trial court.

<u>JAMES T. WORTHEN</u>
Chief Justice

Opinion delivered July 9, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 9, 2014**

**NO. 12-13-00319-CR**

**DOUGLAS RAY RICHARDS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. CR-27918)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*