# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00206-CR
NO. 03-13-00207-CR
NO. 03-13-00208-CR
NO. 03-13-00209-CR

**Rodolfo Cisneros, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF HAYS COUNTY, 428TH JUDICIAL DISTRICT
NOS. CR-12-0432, CR-12-0433, CR-12-0434, & CR-12-0435
THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Rodolfo Cisneros guilty of four counts of aggravated sexual assault of a child for sexually abusing his step granddaughter, A.D., when she was five.[1] *See* Tex. Penal Code § 22.021(a)(1)(B), (2)(B). The trial court assessed appellant's punishment at confinement for 70 years in the Texas Department of Criminal Justice for each count, ordering the

---

[1] The jury heard evidence that appellant perpetrated various sexual acts against A.D. on multiple occasions, including performing oral sex on her ("putting his tongue on her private part" or "licking her hoo ha"), penetrating her sexual organ with his finger ("touching inside her private part with his finger"), penetrating her sexual organ with his penis ("putting his private part in her private part" or "putting his hoo ha in her hoo ha"), and penetrating her anus with his finger ("putting his finger in her bottom" or "putting his finger in her tail"). Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

sentences to be served concurrently. *See id.* §§ 12.32, 22.021(f)(1). In a single point of error on appeal, appellant complains that he suffered ineffective assistance of counsel at trial.[2] We find no reversible error. However, through our own review of the record, we have found non-reversible error in the written judgments of conviction. We will modify the judgments to correct the clerical errors and, as modified, affirm the judgments.

## DISCUSSION

### Ineffective Assistance of Counsel

In his sole point of error, appellant contends that his trial counsel rendered ineffective assistance at trial. He complains of multiple actions or inactions on the part of trial counsel, including propounding certain questions to the investigating detective, failing to object to or eliciting extraneous misconduct evidence, failing to preserve error regarding hearsay evidence, lacking familiarity "with the Rules of Evidence, Proper Trial Procedure, and the Law in General," and eliciting, failing to object to, or purportedly opening the door to testimony from the State's witnesses about appellant's guilt or A.D.'s credibility.

To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). The appellant must first demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S.

---

[2] Appellant was represented by two different attorneys at trial.

2

at 687–88; *Nava*, 415 S.W.3d at 307. The appellant must then show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 700; *see Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Appellate review of counsel's representation is highly deferential; we must "indulge in a strong presumption that counsel's conduct was *not* deficient." *Nava*, 415 S.W.3d at 307–08; *see Strickland*, 466 U.S. at 686. To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record by itself be sufficient to demonstrate an ineffective-assistance claim. *Nava*, 415 S.W.3d at 308. If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Menefield*, 363 S.W.3d at 593); *Goodspeed*, 187 S.W.3d at 392.

In this case, appellant filed a motion for new trial. However, he did not raise a claim of ineffective assistance of counsel in the motion. Thus, the record is silent as to why trial counsel acted or failed to act in the manner that appellant now complains about on appeal. Although at some points during trial counsel indicated they were engaging in a particular course of conduct as part of

"trial strategy," they did not (or were not given the opportunity to) explain what the particular strategy was. Consequently, the record before this Court is not sufficiently developed to allow us to evaluate those supposed improper actions or failures to act because "[n]either [his] counsel nor the State have been given an opportunity to respond to" the claims of ineffectiveness. *See Menefield*, 363 S.W.3d at 593. The record is silent as to whether there was a strategic reason for counsels' conduct or what the particular strategy was. Appellant's repeated assertion that there was no good trial strategy to account for or explain counsels' conduct is mere speculation. Such speculation does not constitute a demonstration, founded in the record, that no reasonable trial strategy existed. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) ("[C]ounsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation."); *see also Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013) ("[C]ounsel's alleged deficiency must be affirmatively demonstrated in the trial record.").

Appellant's trial attorneys were not afforded an opportunity to explain their reasons for the complained-of conduct. Absent record evidence regarding counsels' strategy or reasoning, we will presume they exercised reasonable professional judgment. *See Hill v. State*, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth 2009, pet. ref'd); *Poole v. State*, 974 S.W.2d 892, 902 (Tex. App.—Austin 1998, pet. ref'd); *see also Lopez*, 343 S.W.3d at 143. Appellant has failed to rebut the strong presumption of reasonable assistance because without explanation for trial counsels' decisions, the complained-of conduct does not compel a conclusion that their performance was deficient. We cannot say that "no reasonable trial strategy could justify" their decision to engage in

4

the complained-of conduct.[3]  *See Lopez*, 343 S.W.3d at 143.  Nor can we conclude that their conduct was "so outrageous that no competent attorney would have engaged in it."  *See Menefield*, 363 S.W.3d at 592; *see also Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012) ("The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel.").  Accordingly, we find that appellant has failed to demonstrate deficient performance on the part of his trial counsel.  *See Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of an informed strategic or tactical decision, a reviewing

---

[3]  For example, in half of his complaints about trial counsels' performance, appellant criticizes them for eliciting, failing to object to, or purportedly opening the door to testimony from the State's witnesses regarding their belief in appellant's guilt or A.D.'s truthfulness.  Ordinarily, witnesses are not permitted to testify as to their opinion about the guilt or innocence of a defendant, *see Sandoval v. State*, 409 S.W.3d 259, 292 (Tex. App.—Austin 2013, no pet.); *Boyde v. State*, 513 S.W.2d 588, 590 (Tex. Crim. App. 1974), or the credibility of a complainant or the truthfulness of a complainant's allegations, *see Sandoval*, 409 S.W.3d at 292; *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993).  An argument can be made, however, that counsel engaged in the conduct here in order to demonstrate the bias of the State's witnesses.  For example, the questions propounded to law enforcement officials arguably attempted to highlight the officers' immediate assumption that appellant was guilty after hearing about A.D.'s outcry, which led to a failure to conduct a thorough or complete investigation.  The failure to object to the testimony of A.D.'s family members about believing A.D. allowed counsel to emphasize the fact that even though, as they all conceded, they trusted appellant and never, throughout their decades-long relationship with him, had any reason to suspect he had ever engaged in any inappropriate behavior with children, they automatically believed A.D. without any corroborating proof.  Opening the door or not objecting to testimony from certain experts—the program director from the children's advocacy center, the sexual assault nurse examiner, and A.D.'s counselor—afforded counsel the opportunity to highlight the limited—and biased—nature of their knowledge and opinions:  these individuals admitted they were child advocates who were only familiar with A.D. and her side of the story, having no knowledge of appellant or the circumstances of the situation other than from information gained from A.D.

court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'").

Because appellant failed to meet his burden on the first prong of *Strickland*, we need not consider the requirements of the second prong—prejudice. *Lopez*, 343 S.W.3d at 144; *see also Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong."). Nevertheless, we also find that appellant failed to demonstrate that he suffered prejudice.

Even if an appellant shows that particular errors of counsel were unreasonable, he must further show that they actually had an adverse effect on the defense. *Strickland*, 466 U.S. at 693–95; *Cochran v. State*, 78 S.W.3d 20, 24 (Tex. App.—Tyler 2002, no pet.). It is not sufficient that a defendant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were of questionable competence. *Lopez*, 343 S.W.3d at 142–43. Further, merely showing that the errors had some conceivable effect on the proceedings will not suffice. *Strickland*, 466 U.S. at 693; *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). Instead, he must prove that counsel's errors, judged by the totality of the representation, not by isolated instances of error or by a portion of the trial, denied him a fair trial. *Strickland*, 466 U.S. at 695.

In his argument regarding prejudice, appellant argues that this Court should find prejudice because the cumulative effect of the alleged errors demonstrates that his lawyers failed to subject the State's case to a meaningful adversarial challenge. He contends that their errors "pervaded and prejudiced the entire defense" and their "ineffective performance seriously prejudiced [his] right to a fair trial." He claims that "[h]ad defense counsel done their job, the State's case

6

would have been far less persuasive and there is a reasonable probability that the outcome of the guilt-innocence proceeding would have been different . . . [and] a reasonable probability that the trial court would have assessed a shorter sentence." These assertions are speculative claims without support in the record.

Appellant maintains that he "did not even receive the minimal standard of advocacy." We disagree. During voir dire, trial counsel questioned the members of the jury panel regarding their ability to serve on the jury: they discussed important legal concepts such as the presumption of innocence, the State's burden of proof, and appellant's Fifth Amendment right not to testify; they explored possible bias or preconceptions relating to child sexual abuse cases; they discussed issues factually relevant to the case such as children's knowledge of or exposure to information regarding sex; they asked the jurors their views regarding the truthfulness of children; and they discussed potential bias against appellant. They also successfully challenged several panel members for cause. Further, the record shows that throughout trial counsel presented and developed a defense strategy of a false accusation. In support of this defense, trial counsel emphasized, through cross-examination of the State's witnesses and in jury argument, the one-sided nature of the State's case, the flawed police investigation (including an incomplete SANE exam), the lack of corroborating evidence, inconsistent statements from the outcry witness (A.D.'s grandmother), A.D.'s inability to recount details about the abuse in her testimony, and the bias of the State's witnesses. Counsel also attempted to provide alternative explanations for A.D.'s knowledge of sexual acts, including observing her parents engage in sexual acts and obtaining information from her teenage half-brother. During closing argument, trial counsel discussed A.D.'s vague responses

7

during her testimony at trial, the lack of corroborating evidence, the rush to assume appellant's guilt by those involved in the investigation of the allegations, and the bias of A.D.'s family members and the State's experts. Trial counsel again discussed the presumption of innocence, presented sources of reasonable doubt to the jury, and reminded the jury that appellant had consistently denied guilt and had cooperated fully with the police investigation, even voluntarily providing a sample for DNA testing.

An accused is not entitled to entirely errorless representation, and we look to the totality of the representation in gauging the adequacy of counsel's performance. *Frangias*, 450 S.W.3d at 136. The record in this case reveals that trial counsels' trial strategy was to demonstrate that appellant was the victim of a false accusation. Counsel focused on the bias of the State's witnesses, the lack of corroborating evidence, the inadequate police investigation, and possible alternative sources from which A.D. could have obtained information about sex. The fact that this strategy ultimately proved unsuccessful—or that appellate counsel disagrees with it—does not render counsels' assistance ineffective.

On the record before us, appellant has failed to demonstrate deficient performance on the part of his trial counsel or that he suffered prejudice because of the alleged errors of counsel. Thus, he has not shown himself entitled to reversal based on ineffective assistance of counsel. We overrule appellant's sole point of error.

**Clerical Error in Judgments**

On review of the record, however, we observe that the written judgments of conviction in this case contain a clerical error. The judgments of conviction state that the "Statute

8

for Offense" is "21.021(a)(2)(f)(1) Penal Code." The statute for the offenses as alleged in the indictments here, however, is section 21.021(a)(1)(B), (2)(B) of the Penal Code. This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, because the necessary information is available here, we modify the incorrect judgments to reflect the correct Penal Code section.

## CONCLUSION

Having concluded that appellant failed to demonstrate that he suffered ineffective assistance of counsel, we modify the trial court's judgments of conviction as noted above and affirm the judgments as modified.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Modified and, as Modified, Affirmed

Filed: March 12, 2015

Do Not Publish

9