NO. 07-09-0332-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 8, 2010
_____

ELISEO RIVERA, JR.,

Appellant

v.

THE STATE OF TEXAS

Appellee
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-09E-061; HON. ROLAND SAUL, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Eliseo Rivera, Jr. appeals his conviction for Felony Evading Arrest or Detention. Through a single issue, appellant contends he received ineffective assistance of counsel at trial. We affirm.

## Background

The police dispatch received a call of a possible abduction at a convenience store. Upon arrival at the store, the police attempted to stop appellant as he was driving

away. Appellant drove off and a chase ensued. Eventually, the police were able to arrest appellant for evading detention. A jury trial was had and appellant was convicted of the charged offense. He filed a motion for new trial which was amended to include a claim for ineffective assistance of counsel. The trial court ordered that affidavits be filed from both sides addressing the following issues: 1) whether trial counsel was prepared for the trial occurring on September 28, 2009, 2) whether counsel properly investigated the facts, legal issues, and possible defenses involved in the case, 3) whether counsel was able to communicate effectively with defendant concerning the law and the legal process, 4) whether counsel was able to communicate effectively with the defendant prior to the defendant's decision to testify in the punishment phase of the trial, 5) whether defendant's decision to testify was made intelligently, knowingly, and freely, 6) whether counsel explained to defendant the State's request to strike surplus language from the deadly weapon allegation, and 7) whether counsel's decision of whom to subpoena was based on trial strategy. Furthermore, the trial court made the finding that "live testimony" was not necessary. Appellant, appellant's wife and trial counsel filed affidavits in response to the trial court's order. The motion was overruled by operation of law. Appellant, now, appeals the denial of his motion for new trial claiming his counsel was ineffective.

### *Standard of Review*

As the record discloses, the trial court had an opportunity via a motion for new trial to consider appellant's claim for ineffective assistance of counsel. Even though the evidence was not through live testimony, the trial court determined the issues to be decided in concluding whether counsel was ineffective and received evidence of same.

2

So, because appellant is effectively asking us to review the trial court's decision *viz* that motion, we recognize that the standard of review is one of abused discretion. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006) (stating that an appellate court reviews the trial court's decision to deny a new trial under the standard of abused discretion). This in turn means that to the extent the decision rests on such matters as the resolution of conflicts within the evidence, the development of reasonable inferences of fact from the evidence presented, and the consideration of a witness' credibility, we are not without limitations. Indeed, authority obligates us to defer to the manner in which the trial court resolved those conflicts or found a witness' testimony credible. *Id.* Nor are we able to supplant our views for those of the trial court, so long as its decision finds support in the record.

Simply put, if the tenor of the evidence before the trial court would allow reasonable minds to disagree as to the ultimate facts, then the trial court's decision fell within that zone of reasonable disagreement. If it did that, then it did not abuse its discretion in denying appellant a new trial. Appellant had to show not only that trial counsel erred but also that the errors caused him to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### *Analysis*

Appellant contends that he received ineffective assistance of counsel because counsel failed to 1) "call [] character witnesses," 2) "advise him that he had no legal defenses to the 'use or exhibit a deadly weapon' enhancement in the indictment" and 3) "for not showing Appellant a copy of the evading arrest video and the recorded threatening voice message." We disagree.

3

Specifically, in regards to his second complaint, appellant argues that "[g]iven the state of the law at the time of Appellant's trial, it was incumbent upon trial counsel to advise his client, that under the facts of his case Appellant had no legal defenses." Appellant relies on trial counsel's portion of his affidavit wherein he states that appellant's decision to plead not guilty was based on appellant's belief that the State could not prove the allegation of use or exhibition of a deadly weapon. We do not find trial counsel's statement to mean he failed to advise appellant that there were no defenses to the deadly weapon finding, only that appellant chose to plead not guilty because he believed that it could not be proved by the State. *See Powers v. State,* 727 S.W.2d 313, 315 (Tex. App.–Houston [1st Dist.] 1987, pet. ref'd) (where record is devoid of any evidence that appellant was misled by his counsel, no basis exists upon which an appellate court may act). Furthermore, counsel's affidavit includes the following: "[appellant's] decision to plead guilty was his decision. It was made after a careful and complete review of the options open to [him]."

Next, appellant's attack regarding the deadly weapon finding concerns counsel's failure to allow appellant to view the video tape of the chase from the police car and to listen to a taped message wherein appellant had threatened Maria Leal. Specifically, appellant contends that "he did not review the video tape of the evading arrest charge, so how could he have made an intelligent decision to plea [sic] not guilty to the deadly weapon allegation?" He makes the same argument regarding the recorded voice message. However, in trial counsel's affidavit, counsel states that he reviewed the taped video of the police chase and the recorded telephone message to Leal. He further stated that after his investigation of the facts, he reviewed his findings with

4

appellant and was advised by appellant to seek a probation offer. The State was contacted and refused a probation offer or to drop the deadly weapon portion of the indictment. Additionally, appellant has failed to cite us to any authority wherein trial counsel is required to make arrangements for the defendant to view and/or listen to electronically recorded evidence. Appellant has failed to show how counsel was deficient in not allowing him to review evidence that counsel had seen and advised him about.

Lastly, appellant contends that counsel was ineffective for failing to call character witnesses during the punishment phase of trial. Appellant contends that during punishment he was presented to the jury as being "'a monster, a criminal, a drug dealer.'" He continues by saying that had trial counsel called character witnesses, "a jury may have found that he had some social redeeming value when he was not selling drugs or threatening people and Appellant's punishment may have been lower." Nor, according to appellant, is there "evidence that trial counsel even interviewed Appellant's character witnesses." With regard to the latter, we note that appellant had the burden to prove his counsel was ineffective. *Easily v. State,* 248 S.W.3d 272, 278 (Tex. App.–Houston [1st Dist.] 2007, no pet.). So, it was incumbent upon him to proffer evidence that counsel did not do what he should have done. Counsel was not required to prove that he did. Nor is it enough to simply say that counsel should have called witnesses favorable to him. Rather, he also had to illustrate to what they would have testified and how it would have benefitted him. *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004). Without him doing that, it cannot be said that he established the element of prejudice.

5

As for the former proposition, we have difficulty finding that whether to use such witnesses fell outside the zone of reasonable trial strategy. Trial counsel can legitimately consider the impact an argument would have on jurors in assessing whether to proffer it. Doing that which may be considered laughable, silly, unintelligent or insulting need not be done for counsel to be effective, and deciding whether to tender witnesses willing to say that appellant can be a good guy when he is not selling drugs and assaulting people seems to fall within that realm.

In sum, we overrule each issue, conclude that the trial court did not abuse its discretion by allowing the motion for new trial to be overruled by operation of law, and affirm the judgment.

Per Curiam

Publish.