NO. 07-10-0307-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL E

 MAY 24, 2011

 CARLOS ADRIAN ADAME,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

 NO. 1166; HONORABLE STEVEN RAY EMMERT, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]
 Appellant Carlos Adrian Adame pled guilty in 2007 to the offense of
aggravated assault and was sentenced to ten years imprisonment. That
sentence was probated for five years. In 2009, the State sought to revoke
appellant's probation. After a hearing, the trial court found that
appellant had violated his probation and sentenced him to ten years.
Appellant appealed, contending 1) he received ineffective assistance of
counsel during the probation revocation proceeding, 2) the trial court
erred in ruling that any inquiries into the tendencies of the trial court
were irrelevant, 3) the trial court erred in sua sponte stating that
various types of evidence would be inadmissible, 4) he was denied due
process because the trial court failed to convene a separate hearing on
punishment after granting the motion to revoke, and 5) the cumulative
impact of the errors requires reversal. We affirm the judgment.
 Ineffective Assistance of Counsel
 One claiming that his counsel provided ineffective assistance must
prove both a deficiency in performance and prejudice arising from that
deficiency; prejudice is established by illustrating that but for the
deficiency, there is a reasonable probability the result would have
differed. Perez v. State, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010).
We overrule the claims of ineffective assistance asserted here for the
following reasons.
 First, with regard to the allegations about the extent of counsel's
investigation into potential avenues of defense, appellant simply concluded
that the deficiencies caused him prejudice. He did not explain why. Had
the State appeared at the hearing on the motion to revoke and done nothing
other than say appellant violated the conditions of his probation,
appellant would have no doubt argued that it failed to carry its burden of
proof, and he would have been correct. The State does not meet its burden
of proof simply by saying that appellant did X, Y, or Z. The same is true
of an appellant who attacks the effectiveness of his attorney. He has to
show why the supposed errors harmed him, and merely saying that what they
did is not enough.
 Second, and to the extent that the appellant questions his counsel's
supposed failure to investigate the "reputation and tendencies of the
presiding judge in revocation hearings," we find no evidence of record that
such occurred. Curtis Brancheau (the attorney appointed to represent
appellant at the revocation hearing) was never asked if he knew about the
trial judge's supposed reputation or investigated that matter. Instead,
appellant merely asked whether he had spoken with a "Mr. Holmes" about
"what usually happens in probation revocations." Brancheau did not answer
due to the court sustaining the State's objection founded on relevance.
Thus, we do not know if Brancheau investigated the topic or not. Nor do we
know if Brancheau had already developed his own beliefs about the trial
court's sentencing traits. If he had, then there would have been little
need to investigate, assuming, of course, that knowing of the trial court's
predelictions was elemental to being an effective advocate.
 Third, and to the extent that appellant complains of his counsel's
supposed failure to 1) investigate the existence of or offer any mitigating
evidence and 2) present argument on his behalf at the probation revocation
hearing, appellant neglected to illustrate the tenor of the mitigating
evidence or argument that should have been provided. This is of import
because implicit in establishing that counsel was ineffective due to
omission is describing what should have been done and how it would have
benefitted him. This is true with regard to purported witnesses who were
not called. Perez v. State, 310 S.W.3d at 894 (stating that to establish
that counsel was fatally deficient because he did not investigate and call
witnesses obligates the complainant to show not only that witnesses were
available to testify but also that their testimony would have benefitted
the defendant); see also Rivera v. State, 317 S.W.3d 480, 483 (Tex. App.
-Amarillo 2010, no pet.) (stating that to show how particular witnesses
would have benefitted the accused, one must develop the nature of the
testimony which should have been tendered). And, it logically follows that
the same is true viz the supposed failure to proffer certain arguments;
after all, the court should be informed of what those arguments are before
it can assess whether a reasonable attorney was obligated to utter them.
Given appellant's failure to do that required of him, we can only conclude
that his efforts fell short of meeting his burden of proof.
 Nonetheless, we note that Brancheau did elicit testimony at the
revocation hearing about appellant attending a number of classes, including
those involving stress management. So too was there evidence that counsel
wrote appellant at least two letters, met with him in jail twice, and spoke
with appellant's wife on multiple occasions about the revocation
proceeding. Brancheau also asked appellant to memorialize for him the
information and circumstances appellant thought would assist in his
defense; yet, appellant did not do that. Counsel also objected to the
State amending the motion to revoke just prior to the hearing, made a
number of objections to evidence at the revocation hearing, and sought to
voir dire witnesses at the same hearing. Given appellant's rejection of
the State's plea offer of seven years and the State's refusal to proffer
any others, counsel also testified that he felt his best strategy was to
require the State to fulfill its burden to prove the allegations in its
motion to revoke. This was considered to be a viable strategy because the
pertinent witnesses were in El Paso, a site far from where the hearing was
to be held, and would cause the State to make a bettter plea offer.[2]
Thus, counsel did not merely sit idle as appellant would want us to
believe.
 Fourth, as for the allegation that counsel was deficient in failing
to explain that appellant could receive the maximum prison sentence if no
plea bargain was reached, appellant never testified that he would have
accepted the seven-year offer but for the omission. Nor did he testify
that he would have modified his previous views toward accepting only a plea
offer of two or three years. Moreover, appellant told the trial judge and
prosecutor that his complaint was not with the length of his sentence, but
rather with his attorney's conduct. Given this comment and absence of
pertinent evidence, we are hard pressed to conclude that the omission had
any prejudicial effect.
 Admission of Evidence Regarding Tendencies of Trial Judge
 Next, it is asserted that the trial court erred "in ruling that
appellant's questions regarding trial counsel's investigation of tendencies
of [the] trial judge was not relevant, thereby preventing [him] from
properly presenting testimony that was necessary . . . ." This
circumstance occurred during the hearing on the motion for new trial and
after Brancheau was asked whether he "discussed with Mr. Holmes what
usually happens in probation revocations[.]"[3] The State objected to the
question on the basis of relevance. In response to that objection,
appellant argued that "it shows whether or not Mr. Brancheau was prepared
to --- to litigate in behalf of this Defendant." He added that "[o]ne
should not go before a Court without knowing what the tendency of the Court
is" and "this Court, in particular almost always revokes and almost always
maxes out the Defendant." We overrule the issue for several reasons.
 First, the ground underlying appellant's complaint on appeal differs
from that asserted below. That is, appellant argued before us that the
trial court should have allowed appellant to generally develop information
about the tendencies and reputation of the trial court viz motions to
revoke. Before the trial court, however, he asserted that he was entitled
to ask the question to determine the extent of Brancheau's preparation for
trial by assessing whether Brancheau personally knew of the trial court's
tendencies or reputation. These two arguments have differing focal points.
 The former concerns the ability to garner evidence about actual
propensities or bias of a trial judge while the latter involves what
Brancheau may or may not have known about a trial judge's bias or
reputation irrespective of its accuracy. And, it was appellant's supposed
ability to develop what Brancheau personally knew about the trial judge
(and how that affected, if it did, his advice) that formed the basis of the
complaint below, not his supposed ability to garner actual evidence of the
judge's propensities. So, the grounds underlying appellant's complaint
below and here do not comport, and, therefore, the contention proffered at
bar went unpreserved. Heidelberg v. State, 144 S.W.3d 535, 537 (Tex. Crim.
App. 2004) (stating that the grounds underlying an objection uttered below
must comport with those raised on appeal).
 Second, the State objected to the relevance of a question asking
whether Brancheau spoke with Holmes about a particular topic. It did not
object to appellant's ability to illustrate that trial counsel failed to
adequately prepare for trial by supposedly being ignorant of the judge's
alleged characteristics. Moreover, the court sustained the particular
objection uttered. It did not bar appellant from generally delving into 1)
what Brancheau may or may not have thought or known about the trial court,
and 2) how that information, or lack thereof, affected the nature of the
advice imparted to his client. Thus, we see no harm or prejudice arising
from the decision irrespective of its accuracy. Appellant remained free to
develop what his attorney may or may not have thought about the trial judge
and the impact, if any, those beliefs may have had on his advice.
 Sua Sponte Objection to Admission of Evidence
 Appellant also suggests that the trial court erred when it sua sponte
ruled that certain mitigating evidence was inadmissible. The evidence in
question encompassed potential letters from friends and family as well as
comments made to appellant by his wife concerning her actions. We overrule
the issue because appellant failed to cite authority or proffer argument
illustrating that such evidence was admissible. In other words, the issue
was inadequately briefed, and, therefore, waived. Rhoades v. State, 934
S.W.2d 113, 119 (Tex. Crim. App. 1996) (stating that an issue is waived
when supported by neither citation to authority or substantive argument).

 Punishment Hearing
 Next, appellant contends the trial court erred in denying him a
separate punishment hearing after granting the State's motion to revoke.
We overrule the issue because it was not raised below either through
contemporaneous objection or motion for new trial. The failure to so raise
the matter waived the complaint for appellate purposes. Harris v. State,
160 S.W.3d 621, 626-27 (Tex. App.-Waco 2005, pet. dism'd) (so holding);
Cochran v. State, 78 S.W.3d 20, 26 (Tex. App.-Tyler 2002, no pet.) (holding
the same).
 Cumulative Impact
 Having found no reversible error with respect to appellant's other
issues, there is also no cumulative error requiring reversal. We overrule
appellant's last issue.

 Accordingly, the trial court's judgment is affirmed.

 Per Curiam

Do not publish.
-----------------------
 [1]John T. Boyd, Senior Justice retired, sitting by assignment.

 [2]Appellant's probation had been transferred to El Paso.

 [3]Appellant fails to cite us to anything of record indicating who
this "Mr. Holmes" was.