NO. 07-10-0307-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 24, 2011

_____

CARLOS ADRIAN ADAME,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 1166; HONORABLE STEVEN RAY EMMERT, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

Appellant Carlos Adrian Adame pled guilty in 2007 to the offense of aggravated assault and was sentenced to ten years imprisonment. That sentence was probated for five years. In 2009, the State sought to revoke appellant's probation. After a hearing, the trial court found that appellant had violated his probation and sentenced him to ten years. Appellant appealed, contending 1) he received ineffective assistance of counsel during the probation revocation proceeding, 2) the trial court erred in ruling that any

_____

[1]John T. Boyd, Senior Justice retired, sitting by assignment.

inquiries into the tendencies of the trial court were irrelevant, 3) the trial court erred in *sua sponte* stating that various types of evidence would be inadmissible, 4) he was denied due process because the trial court failed to convene a separate hearing on punishment after granting the motion to revoke, and 5) the cumulative impact of the errors requires reversal. We affirm the judgment.

*Ineffective Assistance of Counsel*

One claiming that his counsel provided ineffective assistance must prove both a deficiency in performance and prejudice arising from that deficiency; prejudice is established by illustrating that but for the deficiency, there is a reasonable probability the result would have differed. *Perez v. State,* 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). We overrule the claims of ineffective assistance asserted here for the following reasons.

First, with regard to the allegations about the extent of counsel's investigation into potential avenues of defense, appellant simply concluded that the deficiencies caused him prejudice. He did not explain why. Had the State appeared at the hearing on the motion to revoke and done nothing other than say appellant violated the conditions of his probation, appellant would have no doubt argued that it failed to carry its burden of proof, and he would have been correct. The State does not meet its burden of proof simply by saying that appellant did X, Y, or Z. The same is true of an appellant who attacks the effectiveness of his attorney. He has to show why the supposed errors harmed him, and merely saying that what they did is not enough.

Second, and to the extent that the appellant questions his counsel's supposed failure to investigate the "reputation and tendencies of the presiding judge in revocation

2

hearings," we find no evidence of record that such occurred. Curtis Brancheau (the attorney appointed to represent appellant at the revocation hearing) was never asked if he knew about the trial judge's supposed reputation or investigated that matter. Instead, appellant merely asked whether he had spoken with a "Mr. Holmes" about "what usually happens in probation revocations." Brancheau did not answer due to the court sustaining the State's objection founded on relevance. Thus, we do not know if Brancheau investigated the topic or not. Nor do we know if Brancheau had already developed his own beliefs about the trial court's sentencing traits. If he had, then there would have been little need to investigate, assuming, of course, that knowing of the trial court's predelictions was elemental to being an effective advocate.

Third, and to the extent that appellant complains of his counsel's supposed failure to 1) investigate the existence of or offer any mitigating evidence and 2) present argument on his behalf at the probation revocation hearing, appellant neglected to illustrate the tenor of the mitigating evidence or argument that should have been provided. This is of import because implicit in establishing that counsel was ineffective due to omission is describing what should have been done and how it would have benefitted him. This is true with regard to purported witnesses who were not called. *Perez v. State,* 310 S.W.3d at 894 (stating that to establish that counsel was fatally deficient because he did not investigate and call witnesses obligates the complainant to show not only that witnesses were available to testify but also that their testimony would have benefitted the defendant); *see also Rivera v. State,* 317 S.W.3d 480, 483 (Tex. App. –Amarillo 2010, no pet.) (stating that to show how particular witnesses would have benefitted the accused, one must develop the nature of the testimony which should

3

have been tendered). And, it logically follows that the same is true *viz* the supposed failure to proffer certain arguments; after all, the court should be informed of what those arguments are before it can assess whether a reasonable attorney was obligated to utter them. Given appellant's failure to do that required of him, we can only conclude that his efforts fell short of meeting his burden of proof.

Nonetheless, we note that Brancheau did elicit testimony at the revocation hearing about appellant attending a number of classes, including those involving stress management. So too was there evidence that counsel wrote appellant at least two letters, met with him in jail twice, and spoke with appellant's wife on multiple occasions about the revocation proceeding. Brancheau also asked appellant to memorialize for him the information and circumstances appellant thought would assist in his defense; yet, appellant did not do that. Counsel also objected to the State amending the motion to revoke just prior to the hearing, made a number of objections to evidence at the revocation hearing, and sought to voir dire witnesses at the same hearing. Given appellant's rejection of the State's plea offer of seven years and the State's refusal to proffer any others, counsel also testified that he felt his best strategy was to require the State to fulfill its burden to prove the allegations in its motion to revoke. This was considered to be a viable strategy because the pertinent witnesses were in El Paso, a site far from where the hearing was to be held, and would cause the State to make a bettter plea offer.[2] Thus, counsel did not merely sit idle as appellant would want us to believe.

---

[2]Appellant's probation had been transferred to El Paso.

4

Fourth, as for the allegation that counsel was deficient in failing to explain that appellant could receive the maximum prison sentence if no plea bargain was reached, appellant never testified that he would have accepted the seven-year offer but for the omission. Nor did he testify that he would have modified his previous views toward accepting only a plea offer of two or three years. Moreover, appellant told the trial judge and prosecutor that his complaint was not with the length of his sentence, but rather with his attorney's conduct. Given this comment and absence of pertinent evidence, we are hard pressed to conclude that the omission had any prejudicial effect.

*Admission of Evidence Regarding Tendencies of Trial Judge*

Next, it is asserted that the trial court erred "in ruling that appellant's questions regarding trial counsel's investigation of tendencies of [the] trial judge was not relevant, thereby preventing [him] from properly presenting testimony that was necessary . . . ." This circumstance occurred during the hearing on the motion for new trial and after Brancheau was asked whether he "discussed with Mr. Holmes what usually happens in probation revocations[.]"[3] The State objected to the question on the basis of relevance. In response to that objection, appellant argued that "it shows whether or not Mr. Brancheau was prepared to --- to litigate in behalf of this Defendant." He added that "[o]ne should not go before a Court without knowing what the tendency of the Court is" and "this Court, in particular almost always revokes and almost always maxes out the Defendant." We overrule the issue for several reasons.

First, the ground underlying appellant's complaint on appeal differs from that asserted below. That is, appellant argued before us that the trial court should have

[3]Appellant fails to cite us to anything of record indicating who this "Mr. Holmes" was.

5

allowed appellant to generally develop information about the tendencies and reputation of the trial court *viz* motions to revoke. Before the trial court, however, he asserted that he was entitled to ask the question to determine the extent of *Brancheau's* preparation for trial by assessing whether *Brancheau* personally knew of the trial court's tendencies or reputation. These two arguments have differing focal points. The former concerns the ability to garner evidence about actual propensities or bias of a trial judge while the latter involves what Brancheau may or may not have known about a trial judge's bias or reputation irrespective of its accuracy. And, it was appellant's supposed ability to develop what Brancheau personally knew about the trial judge (and how that affected, if it did, his advice) that formed the basis of the complaint below, not his supposed ability to garner actual evidence of the judge's propensities. So, the grounds underlying appellant's complaint below and here do not comport, and, therefore, the contention proffered at bar went unpreserved. *Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (stating that the grounds underlying an objection uttered below must comport with those raised on appeal).

Second, the State objected to the relevance of a question asking whether Brancheau spoke with Holmes about a particular topic. It did not object to appellant's ability to illustrate that trial counsel failed to adequately prepare for trial by supposedly being ignorant of the judge's alleged characteristics. Moreover, the court sustained the particular objection uttered. It did not bar appellant from generally delving into 1) what Brancheau may or may not have thought or known about the trial court, and 2) how that information, or lack thereof, affected the nature of the advice imparted to his client. Thus, we see no harm or prejudice arising from the decision irrespective of its accuracy.

6

Appellant remained free to develop what his attorney may or may not have thought about the trial judge and the impact, if any, those beliefs may have had on his advice.

*Sua Sponte Objection to Admission of Evidence*

Appellant also suggests that the trial court erred when it *sua sponte* ruled that certain mitigating evidence was inadmissible. The evidence in question encompassed potential letters from friends and family as well as comments made to appellant by his wife concerning her actions. We overrule the issue because appellant failed to cite authority or proffer argument illustrating that such evidence was admissible. In other words, the issue was inadequately briefed, and, therefore, waived. *Rhoades v. State,* 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (stating that an issue is waived when supported by neither citation to authority or substantive argument).

*Punishment Hearing*

Next, appellant contends the trial court erred in denying him a separate punishment hearing after granting the State's motion to revoke. We overrule the issue because it was not raised below either through contemporaneous objection or motion for new trial. The failure to so raise the matter waived the complaint for appellate purposes. *Harris v. State,* 160 S.W.3d 621, 626-27 (Tex. App.–Waco 2005, pet. dism'd) (so holding); *Cochran v. State,* 78 S.W.3d 20, 26 (Tex. App.–Tyler 2002, no pet.) (holding the same).

*Cumulative Impact*

Having found no reversible error with respect to appellant's other issues, there is also no cumulative error requiring reversal. We overrule appellant's last issue.

Accordingly, the trial court's judgment is affirmed.

Per Curiam

Do not publish.