**Affirmed and Opinion filed February 16, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00196-CR

---

**MANUEL VASQUEZ CANO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 09CR2106**

---

## O P I N I O N

Appellant Manuel Vasquez Cano appeals from his conviction for aggravated robbery. Appellant pleaded guilty without an agreed recommendation as to punishment, and the trial court sentenced him to twenty-five years in prison. In his two issues on appeal, appellant contends respectively that (1) his guilty plea was involuntary because he received ineffective assistance of counsel, and (2) the judgment violated his constitutional rights because it was based on his involuntary guilty plea. We affirm.

*Background*

Appellant was charged with aggravated robbery due to his alleged participation in a robbery at gunpoint of a bar and its patrons. While the case was pending, the State offered appellant a plea bargain agreement of fifteen years' confinement. Appellant rejected the offer but pleaded guilty and allowed the court to determine punishment without an agreed recommendation.

In open court, before appellant was arraigned, it was brought to the trial judge's attention that members of appellant's family believed that they had retained an attorney, Mark Aronowitz, to represent appellant. Appellant was represented at the hearing, as he had been throughout the pendency of the case, by a court-appointed attorney, Mark Diaz. Appellant told the judge that he was ready to go forward with Diaz as his attorney.

Before taking appellant's plea, however, the trial court decided to investigate the alleged retention of attorney Aronowitz. The court called Aronowitz to appear and held a comprehensive hearing on the matter, beginning January 31, 2011, and concluding February 1, 2011. After some initial confusion regarding representation of a co-defendant, Aronowitz denied that he ever was retained to represent appellant and insisted that he never had any contact with appellant.[1] Members of appellant's family equally insisted that they had paid Aronowitz $250 to represent appellant. The prosecutor represented to the court that he never had any contact with Aronowitz regarding the case and dealt only with Diaz in the matter.

Appellant at first told the judge that there was never any communication between himself and Aronowitz, but toward the end of the two-day hearing, he suggested that Aronowitz mislead him and that was why he had refused the plea agreement that Diaz, his appointed attorney, brought to him.[2] Appellant stated that it was Aronowitz's fault

---

[1] Aronowitz apparently represented a co-defendant of appellant who received fifteen years' confinement as part of a plea agreement with the State. The co-defendant did not possess a firearm during the robbery, but appellant allegedly exhibited one and pointed it at people during the robbery.

[2] At no point did appellant specify how Aronowitz allegedly misled him, whether it was by actual communication or by simply taking money to represent him.

2

that the "case got to this extreme" and that Aronowitz had given appellant and his family hope that he was going to help them. Diaz indicated that appellant wanted a plea agreement for ten years' confinement, but the State never offered such a deal. One of appellant's relatives testified that Aronowitz never visited appellant and refused to answer telephone calls.

At the conclusion of the hearing, the judge stated "for the record" that Diaz had always been appellant's attorney but that Aronowitz also represented appellant "for a period of time for whatever that is worth." The judge then formally removed Aronowitz from the case.

Before taking appellant's plea, the judge permitted appellant and Diaz additional time to negotiate a plea agreement with the State, but appellant subsequently pleaded guilty without an agreed recommendation. After receiving appellant's guilty plea and evidence regarding punishment, the judge speculated that Aronowitz's involvement may possibly have affected plea bargaining in the case. In his closing argument, Diaz further suggested that appellant may have been a difficult client to deal with because appellant thought he had another lawyer that was going to help him. The prosecutor requested appellant receive a twenty-year sentence after pointing out that a co-defendant, who unlike appellant did not use a firearm during the robbery, received a fifteen-year sentence. The judge sentenced appellant to twenty-five years in prison. No hearing was held on appellant's subsequent motion for new trial, and it was denied by operation of law. On appeal, appellant contends his guilty plea was involuntary because he received ineffective assistance of counsel and the trial court's judgment violated his constitutional rights because it was based on his involuntary guilty plea.

*Standards of Review*

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). In reviewing an ineffective assistance claim, an appellate court "must indulge a strong presumption that counsel's

3

conduct [fell] within the wide range of reasonable professional assistance; that is, [appellant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Under the two-pronged *Strickland* test, in order to demonstrate ineffective assistance of counsel, a defendant must first show that counsel's performance was deficient, *i.e.*, that his assistance fell below an objective standard of reasonableness; second, a defendant must affirmatively prove prejudice by showing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id*. at 813. Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Id*. When, as here, a defendant asserts ineffective assistance of counsel in a motion for new trial, we review the trial court's denial of the motion for abuse of discretion. *Tieu v. State*, 299 S.W.3d 216, 223 (Tex. App.—Houston [14 Dist.] 2009, pet. ref'd) (citing *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded in part on other grounds by* Tex. R. App. P. 21.8(b)). This is true whether the motion was expressly denied or denied by operation of law. *See, e.g., Rivera v. State*, 317 S.W.3d 480, 482–83 (Tex. App.—Amarillo 2010, no pet.); *Mallett v. State*, 9 S.W.3d 856, 868 (Tex. App.—Fort Worth 2000, no pet.). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Charles*, 146 S.W.3d at 208.

*Discussion*

Appellant's theory on appeal appears to be that since he rejected the plea offer based on allegedly deficient advice from Aronowitz, who appellant contends was not familiar enough with the facts to make a recommendation, his plea of guilty without an agreed recommended sentence was not voluntary. The focus of appellant's argument,

4

however, is not on the voluntariness of his guilty plea but is instead on his rejection of the earlier offer. In other words, appellant makes no specific allegation that his guilty plea was not voluntarily; he instead asserts that Aronowitz's actions caused him to reject the State's offer and leave punishment up to the judge without an agreed recommendation, a decision which resulted in a twenty-five-year sentence rather than the fifteen years previously offered by the State.[3]

A defendant may indeed suffer prejudice, under the second prong of *Strickland*, if his counsel's deficient performance deprives him of an opportunity to accept a plea agreement that he would otherwise have accepted. *Ex parte Wells*, Nos. AP-76483, AP-76484, 2011 WL 5429588, at *2 (Tex. Crim. App. 2011). The appropriate remedy in such cases is to order the State to reinstate its plea offer. *Id*. at *3.[4]

Based on the record before us, however, appellant has not overcome his burden of showing that any alleged ineffective assistance from Aronowitz caused his rejection of the State's plea offer. As stated, appellant bore the burdens of (1) proving by a preponderance of the evidence that counsel was ineffective and (2) affirmatively proving prejudice by showing a reasonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. *See Thompson*, 9 S.W.3d at 812.

Although there was evidence presented that at some point Aronowitz was retained by members of appellant's family to represent appellant, as the trial judge determined, the

---

[3] That appellant's guilty plea was not involuntary or a result of Aronowitz's representation is supported by the fact that appellant pleaded guilty only after the alleged problems with Aronowitz came to light in open court and appellant was given additional time to confer with Diaz and the prosecutor regarding a plea agreement. Appellant then pleaded guilty even though no plea agreement was reached.

In the context of guilty pleas, the prejudice prong of *Strickland* requires a defendant to show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). At no point does appellant claim that he would have pleaded not guilty but for Aronowitz's deficient performance.

[4] Ineffective assistance of counsel claims revolving around plea negotiations typically involve counsel's failure to present a defendant with the State's offer or to adequately explain the offer. *See Wells*, 2011 WL 5429588, at *2. However, counsel's recommendation to the defendant to reject a plea deal can also be a source of an ineffective assistance claim if that recommendation was not based on adequate investigation of the case. *See Hill*, 474 U.S. at 59.

evidence is not clear that Aronowitz had any involvement with plea negotiations or caused appellant to reject the State's fifteen-year plea offer.[5] Aronowitz denied any involvement in the case. The prosecutor denied any contact with Aronowitz regarding the case. Members of appellant's family indicated that Aronowitz was uncommunicative regarding the case. After stating at the beginning of the hearing that he never had any contact with Aronowitz, appellant stated toward the end of the hearing that Aronowitz mislead him and that was why he refused the plea agreement Diaz brought to him. Appellant, however, did not specify just how Aronowitz allegedly misled him. Indeed, appellant did not specifically say that Aronowitz gave him any advice regarding the State's plea offer. Furthermore, it is clear from the record that appellant was represented at all relevant times by attorney Diaz, and appellant and Diaz were given additional time to negotiate a plea deal with the State after the issues concerning Aronowitz were brought to the court's, and appellant's, attention.

While the trial judge speculated at one point that Aronowitz's involvement, slight as it was, may have affected plea bargaining, the judge ultimately allowed appellant's motion for new trial, premised on this very contention, to be overruled by operation of law. The evidence does not establish a reasonable probability that, but for Aronowitz's allegedly deficient representation, the results would have been different. Because appellant did not meet his burden under *Strickland*, the trial court did not abuse its discretion in denying the motion for new trial. *See Tieu*, 299 S.W.3d at 223. Accordingly, we overrule appellant's two issues.

We affirm the trial court's judgment.

/s/      Martha Hill Jamison
          Justice

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

Publish — TEX. R. APP. P. 47.2(b).

---

[5] Although the trial court did not hold a hearing specifically on appellant's motion for new trial, a hearing was held prior to filing of the motion on the very issues raised in the motion.

6