In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00097-CR**
_____

**DANIEL KANE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 09-06258**

**MEMORANDUM OPINION**

This is an appeal from the trial court's judgment revoking Daniel Kane's community supervision. In three appellate issues, Kane challenges the constitutionality of his sentence under the United States Constitution and the Texas Constitution, as well as the legal sufficiency of the evidence supporting the trial court's determination that he violated a condition of his community supervision. We affirm the trial court's judgment.

Pursuant to a plea bargain agreement, Kane pleaded guilty to felony theft of property with a value of at least $1500 and less than $20,000. The trial court found

the evidence sufficient to find Kane guilty, but deferred further proceedings, placed Kane on community supervision for five years, and assessed a fine of $500. The State subsequently filed a motion to revoke Kane's unadjudicated community supervision. Kane pleaded "not true" to the sole alleged violation of the terms of his community supervision. After conducting an evidentiary hearing, the trial court found that Kane violated the terms of his community supervision, found him guilty, and assessed punishment at two years of confinement in a state jail facility.

In issue one, Kane argues that his sentence was constitutionally disproportionate and unreasonable under the Eighth Amendment to the United States Constitution. In issue two, Kane contends his sentence was constitutionally disproportionate and unreasonable under Article I, section 13 of the Texas Constitution. We address issues one and two together.

The record does not reflect that Kane raised his state and federal constitutional complaints in the trial court. *See* Tex. R. App. P. 33.1(a). However, even if Kane had preserved his issue for our review, his argument would still fail. Kane's sentence was within the statutorily-authorized range of punishment for his offense. *See* Tex. Penal Code Ann. § 31.03(e) (West Supp. 2012) (Theft of property with a value of at least $1500 and less than $20,000 is a state jail felony.); *Id*. § 12.35(a) (State jail felony punishment is confinement of not more than two

years or less than 180 days in a state jail facility and a fine of up to $10,000).[1]

Generally, a sentence that is within the range of punishment established by the Legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). In addition, a punishment that is within the statutory range for the offense is generally not excessive under the United States Constitution or the Texas Constitution. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.). Accordingly, we overrule issues one and two.

In his third issue, Kane argues that the evidence was legally insufficient to support the trial court's determination that he had violated the conditions of his community supervision. The State alleged in its motion to revoke that Kane had violated condition number one of his community supervision order by committing the offense of terroristic threat on or about December 29, 2012, by threatening to murder R.K., a member of his family.

At the evidentiary hearing, the State presented testimony from the victim, R.K. According to R.K., Kane was living with her on December 29, 2012. R.K. explained that she allowed Kane to live with her because he was homeless. R.K. testified that Kane quit his job and began using drugs. R.K. explained that she

---

[1]Because the amendments to sections 12.35(a) and 31.03(e) of the Texas Penal Code are not material to this appeal, we cite to the current version of both statutes.

found a pipe on the back of the toilet where Kane had been smoking. According to R.K., on December 29, 2012, Kane came onto the driveway of her home and, using profanity, threatened to kill her. R.K. explained that she is afraid of Kane, and she got into her car and left after he threatened her. R.K. called the police a few days later and informed the police of the threat Kane had made toward her.

Kane also testified at the hearing. According to Kane, the item R.K. testified was a pipe was actually a trumpet. Kane admitted that he had an argument with R.K., but he testified that he never threatened to kill her.

At a revocation hearing, the State has the burden to establish the alleged violations by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006); *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole trier of facts and judge of the credibility of witnesses, and the trial court decides what weight to give to the testimony. *Cochran v. State*, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.). We review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels*, 202 S.W.3d at 763. The trial court abuses its discretion only if its decision "was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). We view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

4

Proof of a single violation of the terms of community supervision is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

The victim testified concerning the terroristic threat made by Kane. The evidence adduced at the hearing was sufficient to support the trial court's finding that Kane violated the conditions of his community supervision by committing the offense of making a terroristic threat on December 29, 2012. *See Rickels*, 202 S.W.3d at 763-64; *Cantu*, 842 S.W.2d at 682; *Moore*, 605 S.W.2d at 926; *Cochran*, 78 S.W.3d at 28. Therefore, the trial court did not abuse its discretion by revoking Kane's community supervision. We overrule issue three and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on June 20, 2013
Opinion Delivered July 10, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.