# NO. 12-13-00191-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT HARVEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Robert Harvey appeals the revocation of his community supervision. In two issues, Appellant argues there is legally insufficient evidence for the trial court to find each allegation to be true, and the trial court abused its discretion in revoking his community supervision. We affirm.

### BACKGROUND

Appellant was charged by indictment with driving while intoxicated, a third degree felony. The indictment also included two jurisdictional enhancement paragraphs. Appellant entered a plea of "guilty" to the offense charged. Appellant and his counsel signed various documents in connection with his guilty plea, including a stipulation of evidence in which Appellant swore that all allegations pleaded in the indictment were true and correct. He also pleaded "true" to the jurisdictional enhancement paragraphs. The trial court accepted Appellant's plea, adjudged him "guilty" of the offense, and assessed his punishment at ten years of imprisonment. However, the trial court ordered that imposition of Appellant's punishment be suspended, and that he be placed on community supervision for ten years.

Later, the State filed a second amended application to revoke community supervision, alleging in four paragraphs that Appellant had violated the terms of his community supervision. At the hearing on the application, Appellant pleaded "true" to the first and third paragraphs

contained in the State's application. However, he pleaded "not true" to the second and fourth paragraphs. After a hearing, the trial court found the allegations in all four paragraphs to be "true," granted the State's application, revoked his community supervision, and assessed his punishment at three years of imprisonment. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant contends that there is legally insufficient evidence for the trial court to find the second and fourth paragraphs of the State's application to be true. In his second issue, he argues that the trial court abused its discretion in revoking his community supervision.

In community supervision revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006).

When the state has met its burden of proof and no procedural obstacle is raised, the decision whether to revoke community supervision is within the discretion of the trial court. *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979). Thus, our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). When a trial court finds several violations of community supervision conditions, we affirm the revocation order if the proof of any single allegation is sufficient. *See Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); *Cochran v. State*, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.). In other words, if there is some evidence to support the finding of even a single violation, the revocation order must be upheld. *Cochran*, 78 S.W.3d at 28 (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)). A plea of "true," standing alone, is sufficient to support a revocation of community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). Indeed, an appellant cannot question the sufficiency of the evidence underlying the decision once he has pleaded "true." *See Cole*, 578 S.W.2d at 128; *Moore v. State*, 11 S.W.3d 495, 498 n. 1 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Here, Appellant pleaded "true" to two of the four allegations in the State's application, i.e., that he violated the terms of his community supervision by operating a motor vehicle that was not equipped with a deep lung breath analysis mechanism. Appellant's plea of "true" to any of these violations is sufficient to support the trial court's revocation order. *See Moses*, 590 S.W.2d at 470; *Cole*, 578 S.W.2d at 128. Therefore, the trial court did not abuse its discretion by revoking Appellant's community supervision. Accordingly, we overrule Appellant's first and second issues.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 30, 2014**

**NO. 12-13-00191-CR**

**ROBERT HARVEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1359-02)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*