# NO. 12-14-00175-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FRANCIS JONATHAN WOOD,* *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Francis Jonathan Wood appeals the revocation of his community supervision. In two issues, Appellant argues the trial court abused its discretion in determining that he violated the conditions of his community supervision. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon, a second degree felony. Appellant pleaded guilty, and the trial court placed him on deferred adjudication community supervision for six years. Later, the State filed a motion to proceed with an adjudication of guilt and sentence, alleging that Appellant had violated the terms of his community supervision. At the hearing, the State abandoned count 1 of its motion, and Appellant pleaded "not true" to the remaining allegations. Thereafter, the trial court found the State's allegations in counts 2 and 3, and a portion of count 5, of its motion to be "true," adjudicated Appellant "guilty" of the offense as charged in the indictment, and assessed his punishment at six years of imprisonment. This appeal followed.

As part of his first issue, Appellant argues that the trial court abused its discretion in determining that he violated the terms of his community supervision by committing the offense of possession of a controlled substance.

**Standard of Review**

In community supervision revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). In a hearing on a motion to revoke community supervision, the trial court is the sole trier of fact, and is also the judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

When the state has met its burden of proof and no procedural obstacle is raised, the decision whether to revoke community supervision is within the discretion of the trial court. *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex .Crim. App. 1979). Thus, our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). If there is some evidence to support the finding of even a single violation, the revocation order must be upheld. *See* *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); *Cochran v. State*, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)).

**Applicable Law**

The State's motion alleged that Appellant violated the first condition of his community supervision by committing an offense against the laws of this state. To prove Appellant committed the offense of possession of controlled substance as alleged in count 2 of its motion, the State was required to show by a preponderance of the evidence that Appellant knowingly or intentionally possessed a controlled substance, namely methamphetamine, in an amount of less than one gram. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2010). The Texas

Health and Safety Code defines "possession" as actual care, custody, control or management. *Id.* § 481.002(38) (West Supp. 2014). To prove unlawful possession of a controlled substance, the State must prove that Appellant (1) exercised control, management, or care over the substance, and (2) knew it was a controlled substance. *See **Poindexter v. State***, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

Regardless of whether the evidence is direct or circumstantial, it must be established that the defendant's connection with the drug was more than fortuitous. ***Evans v. State***, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). However, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., "links"), may well be sufficient to establish that element beyond a reasonable doubt. *Id.* at 162. Texas courts have identified a number of links which may, alone or in combination with others, establish a person's possession of contraband, including the following:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Id.* at n.12.

Links are established by the totality of the circumstances, and no set formula necessitates a finding of a link sufficient to support an inference of knowing possession. ***Wright v. State***, 401 S.W.3d 813, 819 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The number of linking factors present is not as important as the logical force they create to prove the crime was committed. ***Olivarez v. State***, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

## Analysis

At the hearing on the motion to revoke, Jonathan Paul Hutchison, an Athens Police Department patrol officer, testified that on February 9, 2014, he observed Appellant and a woman in the 300 block of Williams Street in Athens. He saw Appellant and the woman coming

from a known drug house in a known drug area. According to the officer, they were walking on the right hand side of the roadway, instead of against oncoming traffic, in violation of the traffic code. He activated his patrol lights and sounded his horn in order to conduct a pedestrian stop. Officer Hutchison ordered both individuals to stop and stated that the woman did so. However, he said, Appellant turned around, looked toward him, proceeded west, and turned right into a residential yard behind some trees. Officer Hutchison stated that he could not see anything in Appellant's hands because they were concealed. He testified that Appellant disappeared behind the bushes, but reappeared when he, the officer, walked closer. Officer Hutchison placed Appellant and the woman in front of his patrol vehicle. He said that Appellant was very nervous, initially did not want to cooperate, and attempted to give excuses as to why he was there.

Officer Hutchison testified that shortly afterwards, another officer with the Athens Police Department arrived. He left the other officer with Appellant and the woman, and went to the location behind the bushes where Appellant had been. Officer Hutchison found, in the "exact spot" where Appellant had been standing, a small baggy containing a white crystal substance. He acknowledged that he did not see Appellant drop the baggy, nor did he see Appellant in possession of it. A forensic scientist with the Texas Department of Public Safety testified that the baggy contained 0.21 grams of methamphetamine.

Appellant contends that the evidence is insufficient to show that he possessed the methamphetamine. However, Officer Hutchison testified that (1) Appellant was stopped in a known drug area after coming out of a known drug house, (2) he did not stop when he was ordered to do so, (3) he retreated to a location out of the officer's view where methamphetamine was found after Appellant reappeared, (4) no other individuals were present in the area where the methamphetamine was found, and (5) Appellant exhibited nervous behavior throughout the stop. These "links" are sufficient to support an inference of knowing possession. *See Evans*, 202 S.W.3d at 162 & n.12; *Wright*, 401 S.W.3d at 819.

Based on the foregoing evidence, which we consider in the light most favorable to the trial court's order, we conclude that the State met its burden to prove by a preponderance of the evidence that Appellant committed an offense under the laws of the State of Texas in violation of the terms and conditions of his community supervision, i.e., possession of a controlled substance. Therefore, the trial court did not abuse its discretion in revoking Appellant's community supervision. Accordingly, we overrule that portion of Appellant's first issue regarding count 2 of

the State's motion. Because we must uphold the revocation order if there is some evidence to support the finding of even a single violation, this issue is dispositive, and we do not consider Appellant's remaining issues. *See* TEX. R. APP. P. 47.1; *Hart*, 264 S.W.3d at 367; *Cochran*, 78 S.W.3d at 28.

## DISPOSITION

Having overruled a portion of Appellant's first issue, we *affirm* the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered January 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 30, 2015

NO. 12-14-00175-CR

**FRANCIS JONATHAN WOOD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. A-18,143)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*