# NO. 12-18-00011-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEBRA DEAN MODISETTE,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Debra Dean Modisette appeals the adjudication of her guilt and revocation of her community supervision. In two issues, Appellant contends the evidence was insufficient to support revocation and she received ineffective assistance of counsel. We affirm.

## BACKGROUND

In 2014, Appellant was charged by indictment with possession of a controlled substance, penalty grade 1, in an amount less than one gram. Following trial, the jury found Appellant "guilty." Appellant's sentence was enhanced to a second degree felony under the habitual offender statute. The court sentenced Appellant to ten years confinement but suspended Appellant's sentence and placed her on community supervision for ten years.

In December 2017, the State filed a motion to adjudicate or revoke alleging that Appellant violated certain terms of her community supervision. Specifically, the State maintained that Appellant drove a vehicle, failed to report, and failed to make her monthly payments. Appellant pleaded "not true" to the State's allegations. Following a hearing, the trial court found the State's allegations to be "true" and sentenced Appellant to imprisonment for ten years. Appellant filed a motion for new trial in which she claimed to have received ineffective assistance of counsel. Following a hearing, the trial court denied the motion. This appeal followed.

In Appellant's first issue, she contends the trial court erred by revoking her community supervision.

## Standard of Review and Applicable Law

The determination to proceed with an adjudication of guilt after a defendant is placed on deferred adjudication community supervision is reviewable in the same manner as a revocation hearing. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West Supp. 2016). In revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). In a hearing on a motion to revoke community supervision, the trial court is the sole trier of fact, and the judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980).

When the state has met its burden of proof and no procedural obstacle is raised, the decision whether to revoke community supervision is within the discretion of the trial court. *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. [Panel Op.] 1979). Thus, our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). If there is some evidence to support the finding of even a single violation, the revocation order must be upheld. *See Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.–Eastland 2008, pet. ref'd); *Cochran v. State*, 78 S.W.3d 20, 28 (Tex. App.–Tyler 2002, no pet.) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)).

## Analysis

In its motion to adjudicate, the State alleged Appellant violated the following terms of her community supervision: (1) driving while on probation on November 5, 2017; (2) driving while on probation on August 1, 2017; (3) failing to report to her community supervision officer in November 2016; (4) failing to make her monthly supervision payment over several months; and (5) failing to pay for two urinalysis tests. Appellant claims the evidence did not support allegations that she drove a vehicle on the dates identified by the State or that she failed to report to her

community supervision officer. Appellant further alleges the State failed to prove her ability to pay costs.

Serena Holland, a patrol officer with the Angelina County Sheriff's Office, testified that she initiated a traffic stop on November 5, 2017 and that Appellant was the driver of the vehicle. Officer Holland stopped Appellant because she failed to signal a lane change. During the traffic stop, Appellant told Officer Holland that she "was picking up smokes at the gas station." Officer Holland testified that she issued the following citations: (1) invalid driver's license, (2) obstruction, proper view of the windshield, (3) no rear license plate, (4) expired registration, and (5) no proof of insurance. Appellant was arrested for the violations primarily because Officer Holland does not like "putting people back on the street without a driver's license or insurance."

Justin Modisette, Appellant's husband, testified that Appellant drove around the farm but not on the road. He knew that Appellant was prohibited from driving per the conditions of her community supervision. He claimed he was unfamiliar with other times Appellant allegedly drove a vehicle on the road. On November 5, 2017, Justin was driving to the gas station when his blood pressure rose, he became dizzy, and he went off the road. Justin told Appellant that it would be better if she drove because he was not in physical shape to drive the vehicle. Appellant was subsequently pulled over while driving.

Kristina Brooks with Angelina County Adult Probation testified that Appellant was required to report monthly as a part of her community supervision. Her records indicate that Appellant did not report in November 2016. Appellant was also required to pay a $60 monthly supervision fee. And the records show she did not pay (1) February, April, May, June, August, September, October, November, or December 2015, (2) April, May, June, July, September, October, November, or December 2016, and (3) January through October of 2017. Nor did Appellant pay the $15 fee for urinalysis tests on March 17, 2016 and May 1, 2017. Brooks further testified that it was a condition of Appellant's community supervision that she not drive a vehicle.

Appellant testified that she was able to pay off her fees because she could obtain an advance on her paycheck. She did not recall failing to report. Appellant testified that if she failed to report, it was because she had an agreement with her supervision officer. She stated that she was told that she could drive the truck around the farm as long as she did not drive on the road. Appellant denied driving through a neighbor's fence, but admitted borrowing a neighbor's vehicle, in which

3

she ran off the road and hit a culvert. She admitted to understanding that her community supervision prohibited her from driving on the road.

Based on the foregoing, the record supports a reasonable belief that Appellant violated the conditions of her community supervision. *See Rickels*, 202 S.W.3d at 764. Specifically, the record contains some evidence that Appellant (1) drove a vehicle in violation of the terms of her community supervision, and (2) was delinquent in paying her fees despite her ability to pay them, as indicated by her own testimony. Accordingly, the State established by a preponderance of the evidence that Appellant violated the terms and conditions of her community supervision. *See Cardona*, 665 S.W.2d at 493. As a result, the trial court did not abuse its discretion in revoking Appellant's community supervision. We overrule Appellant's first issue.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In her second issue, Appellant argues she received ineffective assistance of counsel. Specifically, she claims her trial counsel failed to adequately prepare her for the revocation hearing.

### Governing Law

In reviewing an ineffective assistance of counsel claim, we apply the United States Supreme Court's two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). To prevail on an ineffective assistance of counsel claim, an appellant must show that (1) trial counsel's representation was deficient, and (2) the deficient performance prejudiced the defense to the extent that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. An appellant must prove both prongs of *Strickland* by a preponderance of the evidence. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an appellant's ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To establish deficient performance, an appellant must show that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064–65. "This requires showing that [trial] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed

4

the defendant by the Sixth Amendment." *Id.*, 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, an appellant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When it is easier for a reviewing court to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice without determining whether counsel's performance was deficient, the court should follow that course. *Id.*, 466 U.S. at 697, 104 S. Ct. 2069.

Review of trial counsel's representation is highly deferential. *See id.*, 466 U.S. at 689, 104 S. Ct. at 2065. In our review, we indulge a strong presumption that trial counsel's actions fell within a wide range of reasonable and professional assistance. *Id.* It is the appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813 (citation omitted).

## Evaluation of Trial Counsel's Representation

Appellant contends that her trial counsel was deficient by failing to adequately prepare her for the revocation hearing. Appellant argues that trial counsel did not ensure she understood the motion to adjudicate/revoke or provide her with enough time to consider the State's "recommendation offer."

Appellant filed a motion for new trial alleging that she received ineffective assistance of counsel. At a hearing on the motion, Appellant testified that she had three meetings with trial counsel prior to the revocation hearing. The first meeting lasted no more than ten minutes, and her attorney kept receiving phone calls that he would answer and then excuse himself. Appellant stated that she did not feel as if she had an adequate time to meet and discuss all issues alleged in the motion to adjudicate. Their second meeting occurred the day of the revocation hearing, and that meeting only lasted five to ten minutes. Appellant testified that they discussed "pretrial stuff" that would take place at the hearing, but that trial counsel did not inform her she would be testifying. Trial counsel told Appellant that the State was recommending ten years imprisonment. Appellant testified that this was the first time she heard about the recommendation. She claimed to not have enough time to consider it. The third meeting occurred immediately before the hearing

5

and lasted seven minutes. Appellant stated that she did not learn that she was testifying until she was called to the stand. However, Appellant admitted that no amount of preparation would have changed her answers at the revocation hearing because it would not alter the pertinent events.

Justin testified that he met with Appellant's trial counsel for about ten minutes immediately before the revocation hearing. He stated that he previously tried to reach counsel several times and was only able to speak with him once for approximately five minutes. Justin testified that he was not prepared to be a witness and he believed trial counsel should have prepared him. At the revocation hearing, the State called Justin as a witness even though he had not previously met with the prosecutor. Justin also admitted that no amount of preparation would have changed his answers to the State's questions, as it would not have altered the truth. Justin testified that Appellant was not willing to accept any jail time and he did not want her to accept any jail time.

Trial counsel testified that, on December 7, 2017, he was appointed to represent Appellant in the revocation proceeding. He received an email offer from the State on December 11, to which he responded, "I spoke to her last week and she will not take TDC time." Trial counsel stated that he spoke with Appellant in jail either the day of or after his appointment. That visit lasted between fifteen and twenty minutes. During that meeting, they discussed the motion to revoke and he explained the available options. He and Appellant reviewed the motion to revoke line by line, and he told Appellant that she could either accept a plea bargain agreement or have a hearing. Trial counsel claimed to have spoken with Justin on the phone three or four times before the revocation hearing and that each call lasted between five and ten minutes. Trial counsel testified that he next spoke with Appellant on the day of the revocation hearing. He met with her in the jail. Trial counsel also spoke with Appellant in a conference room at the courthouse on the day of the hearing for twenty-five minutes. During that meeting, he told Justin that he would be called as a witness. Trial counsel testified that he did not want to call Appellant if he could avoid it. However, Justin was called as a witness by the State and performed poorly. As a result, trial counsel felt he had no choice but to call Appellant. Trial counsel testified that spending three hours with either of them would not have changed anything. Trial counsel further testified that he only remembered answering one phone call from a judge while meeting with Appellant.

Based on the foregoing, the trial court could reasonably conclude that trial counsel's representation was within the range of competence demanded of attorneys in criminal cases. Counsel's decisions with regard to calling witnesses, preparing for trial, and communicating plea

bargains have not been shown to have been detrimental to the defense or outside the zone of reasonable professional assistance. *See **Ex Parte McFarland***, 163 S.W.3d 743, 756 (Tex. Crim. App. 2005) (trial counsel's decisions regarding cross examination of witnesses fell within wide range of reasonable professional assistance and no showing the result of trial likely would have been different); ***DeJesus Martinez v. State***, No. 01-01-00260-CR, 2002 WL 1764938, at*5 (Tex. App.—Houston [1st Dist.] July 31, 2002, pet. ref'd) (op., not designated for publication) (alleged failure to prepare witnesses not shown to have affected outcome of proceeding); ***Ex parte Argent***, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013) (appellant must show that would have accepted plea offer to demonstrate ineffective assistance). And the record in this case does not demonstrate a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different. *See **Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068. Thus, we conclude that Appellant failed to show that trial counsel's representation fell below professional norms or that the trial court abused its discretion in overruling her motion for new trial. *See **id.***, 466 U.S. at 687, 104 S. Ct. at 2064; *see also **Tong***, 25 S.W.3d at 712. We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered October 17, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 17, 2018

NO. 12-18-00011-CR

**DEBRA DEAN MODISETTE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2014-0361)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*